OWENBY AND ANDERSON v. LOUISVILLE AND NASHVILLE RAILROAD COMPANY.

(Filed 27 May, 1914.)

1. Limitation of Actions—Former Action—Records—Evidence.

Where an action has been nonsuited for misjoinder, and the parties thereafter have brought separate actions, it is competent for the plaintiffs to introduce the record in the former action to show they are within the three-year statute of limitations, when the defendant has pleaded and relied on the statute.

2. Same—Permanent Damages—Trials—Evidence Restricted—Special Requests—Appeal and Error.

Where the three-year statute of limitations is pleaded and relied on as a defense to an action, and the record of a former action between the same parties is competent to show that the statute has not run, the exception of the defendant that the trial court did not restrict this evidence, and that it may have been considered by the jury as substantive evidence, may not be sustained on appeal, where the defendant has not aptly requested the judge to so restrict it in accordance with Supreme Court Rule 34, 164 N. C., 548. This being an action for permanent damages to lands, the five-year statute was applicable, which had not run in favor of the defendant railroad. Revisal, sec. 394 (5).

3. Trials—Instructions—Correct in Part—Measure of Damages—Exceptions—Appeal and Error.

Where the charge of the court upon the measure of damages in an action to recover them states general but correct principles of law applicable to the issue, an exception that he did not suffi-

ciently instruct the jury will not be sustained, it being required of the appellant that he should have tendered special prayers containing the specific instructions he desired to be given.

APPEAL by defendants from *Ferguson, J.,* at November Term, 1913, of CHEROKEE.

*M. W. Bell and Dillard & Hill for plaintiffs.*
*D. W. Blair and Edmund B. Norvell for defendant.*

CLARK, C. J. The plaintiffs Carrie Owenby and husband and W. H. Anderson brought an action against the defendant, 20 July, 1909, alleging that the defendant in replacing a trestle across the creek which ran through their property, in November, 1906, negligently and willfully caused several car-loads of rock to be thrown in the bed of said creek, extending entirely across the same, thus making a dam, on top of which they erected a trestle for their track, with the result that the damming up of the creek deflected the water and caused it to flow over their land, whereby it was washed, covered with débris and drift, filling up the ditches and doing much other damage which is duly recited.

The defendant demurred and moved to dismiss for misjoinder, Rev., 474 (5), and this motion was allowed at November Term, 1909.

Thereupon Carrie Owenby and her husband brought a new action, 14 March, 1910, and W. H. Anderson on the same day also brought a new action, which by consent of parties have been consolidated.

On this trial the defendant assigns as error that the plaintiffs were permitted to introduce the record of the former action, and further, that the court did not sustain the plea of the statute of limitations.

The introduction of the proceedings in the former action was competent to show, as they did, that this action was for the same subject-matter as in the present case, and therefore was begun within three years after the injury was sustained—in November, 1906. As to the exception that the judge admitted

the record of the former action without instructing the jury that it was not substantive evidence, a jury of ordinary intelligence could not have mistaken the allegations in the complaint of a plaintiff to be substantive evidence in this cause. It does not appear that they could have been misled in its object, which was to affect the plea of the statute of limitations, when the presumption is in favor of the correctness of the trial below, unless error is pointed out. Moreover, Rule 27, 164 N. C., 548, provides: "Nor will it be ground of exception that evidence competent for some purposes, but not for all, is admitted generally, unless the appellant asks, at the time of admission, that its purpose shall be restricted." If the appellant thought that the admission of the record could be understood by the jury as applying to other than the statute of limitations, it was the duty of the appellant then and there to have requested the judge to tell the jury, if he did not, that it was restricted and admitted only for that purpose.

But independent of that, the cause of action alleged was for permanent damages alleged to have been sustained in November, 1906, and this action, even if there had been no preceding action, was begun on 14 March, 1910, and was therefore within the five years statute of limitations. Rev., 394 (5).

Nor can we sustain the exception that the judge did not sufficiently lay down the rule as to the measure of damages. Had the defendant wished for more specific instructions, it should have asked for them. The same point was made by the defendant in *Willey v. R. R.,* 96 N. C., 411, which has been repeatedly affirmed since.

The judge in this case properly told the jury that how the damages should be apportioned between the plaintiffs was a matter which did not concern the defendant.