MRS. DOROTHY J. GRAVES v. CHARLOTTE LODGE NO. 392 BENEVOLENT AND PROTECTIVE ORDER OF ELKS.

(Filed 19 October, 1966.)

1. **Negligence § 37a—**

   A patron at a bingo parlor is an invitee of the proprietor.

2. **Negligence § 37b—**

   The proprietor is not an insurer of the safety of his patrons.

3. **Negligence § 37f—**

   No inference of negligence arises from the injury of an invitee from a fall on the premises.

4. **Same—**

   The evidence disclosed that the screws holding the backs of the wooden chairs used at a bingo parlor were covered with wooden plugs glued into the recesses in order to hide the screws and to make the surface smooth, that one of the plugs was on the floor, and that when plaintiff invitee stepped on the plug she fell to her injury. There was no evidence as to how long the plug had been on the floor before the accident. *Held:* The

evidence is insufficient to be submitted to the jury on the issue of the proprietor's negligence.

APPEAL by plaintiff from *Hasty, S.J.,* May 2, 1966 Schedule "C" Civil Session of MECKLENBURG.

Action for personal injuries.

On the evening of December 12, 1963, as it had done every Thursday for about thirteen years, defendant was operating a Bingo game, open to any member of the public who paid the $3.00 admission fee, in a large room on the third floor of its lodge building. On Bingo night, 25 standard 8-foot tables and 200 chairs, distributed 8 to a table, were set up in this room. Approximately 90% of these chairs were metal; the balance were the conventional wooden folding type — "the type of chair that you use with a bridge table." Plaintiff, a lady weighing 265 pounds and wearing 2½-inch high heels, had been playing Bingo. During an intermission she got up and started a walk around her table. In doing so, the heel of her left shoe came in contact with a brown wooden "button" or plug, which had come out of a chair, and she fell flat on her face. The plug was one-half inch in diameter and about one-fourth of an inch thick. In her fall, plaintiff "sustained a sprained injury of her back and knee" from which, according to her physician, she will probably suffer for "an indefinite period of time."

When not in use, the chairs were folded and stacked against the wall. They were moved about five times a week, and the janitor had instructions from the club manager, whose responsibility it was "to keep everything in repair and good shape," to remove to a storeroom any chairs having "a piece of splintered wood or anything like that." The backs of the wooden chairs were attached to the seats by four recessed screws. Wooden plugs were then glued into the recesses in order to hide the screws and to make a smooth surface. It was upon one of these plugs that plaintiff had stepped.

Examined as an adverse witness, the manager of defendant's building testified that he inspected the Bingo room every Thursday morning after it was set up for the evening's game; that he could "pretty well tell the condition (of the chairs) by looking at them"; that he had never had any problem with the chairs, and that their appearance and stability were good. Prior to plaintiff's fall, he had not been aware that any of the wooden plugs had ever become detached from them. Plaintiff described the wooden chairs in the Bingo room as "real old," and "weak and unstable." She said she had been seeing these chairs for thirteen years, and "they are the same now as they were when I first started playing." She testified, without objection, that the plug she stepped on had come from the chair at

the end of her table. There was a plug missing from that chair and from several of the others. Plaintiff had not seen the plug, nor any other object on the floor, at the time she fell. A number of people were seated at her table and at adjoining tables.

At the conclusion of plaintiff's evidence, defendant's motion for judgment of nonsuit was allowed. From the judgment dismissing her action, plaintiff appeals.

*Grier, Parker, Poe & Thompson by Gaston H. Gage for plaintiff appellant.*

*Wardlaw, Knox, Caudle & Wade by Lloyd C. Caudle for defendant appellee.*

PER CURIAM. Plaintiff, as a patron of defendant's Bingo game, was an invitee to whom it owed a duty to exercise ordinary care to keep its premises in a reasonably safe condition. It was not an insurer of her safety. *Case v. Cato's, Inc.,* 252 N.C. 224, 113 S.E. 2d 320. No inference of actionable negligence on the part of defendant arose from the mere fact that plaintiff fell on its premises as a result of stepping on a plug which had fallen from one of its chairs. *Fanelty v. Jewelers,* 230 N.C. 694, 55 S.E. 2d 493. The transcript discloses no fact or circumstance suggesting that the plug had been on the floor for any appreciable period of time before plaintiff's heel encountered it, or that plugs had fallen from the chairs in such numbers or at such intervals that defendant, in the exercise of due care, should have known that its wooden chairs created a hazard to its patrons. *Revis v. Orr,* 234 N.C. 158, 66 S.E. 2d 652; *Schwingle v. Kellenberger,* 217 N.C. 577, 8 S.E. 2d 918. Nor does the evidence tend to show that a closer inspection by defendant's manager or janitors would have revealed that a plug, glued into a recess at the time the chair was made, was about to come out. *Leonard v. Shoe Co.,* 261 N.C. 781, 136 S.E. 2d 102.

It is noted that this case does not involve the collapse of a chair. Although plaintiff characterized the chairs as "shabby" and "unsteady," they were capable of supporting considerable weight. Plaintiff's injuries did not result from the collapse of a chair. The function of the plug which came unglued was to hide a screw, not to add strength to the chair.

Defendant's motion for nonsuit was properly sustained, and the ruling of the court below is

Affirmed.