W. M. SIMS ET UX, CAROL C. SIMS v. VIRGINIA HOMES MANUFAC-
TURING CORPORATION

No. 7610SC512

(Filed 19 January 1977)

1. **Negligence § 37— negligent construction and installation of mobile home — jury instructions proper**

   In an action to recover damages for negligence in the manufacture, construction, and installation of a double-wide mobile home, the trial court in its instructions properly declared and explained the law arising on the evidence and properly related the law of negligence and damages to the facts in the case.

2. **Negligence § 34— negligent construction and installation of mobile home — plaintiffs' duty to build foundation — no contributory negligence**

   In an action to recover damages for negligence in the manufacture, construction, and installation of a double-wide mobile home, the trial court did not err in failing to submit to the jury an issue of

contributory negligence based on defendant's contention that plaintiffs' injuries resulted from the alleged failure of plaintiffs to construct properly the foundations for the mobile home units, which was plaintiffs' responsibility, since defendant failed to show that any negligence of plaintiffs proximately caused the injuries complained of.

APPEAL by defendant from *Hall, Judge.* Judgment entered 22 January 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 16 November 1976.

On 22 March 1973 the plaintiffs instituted suits against Oakwood Mobile Homes, Inc. (Oakwood) and Virginia Homes Manufacturing Corporation (Virginia) for negligence in the manufacture, construction, and installation of a double-wide mobile home. In the first trial of this matter in November of 1974, directed verdicts in favor of Oakwood and Virginia were entered at the close of plaintiffs' evidence. On appeal to this Court, the directed verdict for Virginia was reversed. 27 N.C. App. 25, 217 S.E. 2d 737 (1975). The suit against Virginia was tried again in January of 1976. At that trial issues of negligence and damages were presented to the jury, but the trial court refused to submit to the jury an issue of contributory negligence. The jury's verdict held Virginia negligent, and the judgment awarded plaintiffs $8,000.00 in damages. Virginia appeals. Additional facts and evidence necessary to understanding this Court's holding are set out in the body of the opinion.

*Kimzey, Mackie & Smith, by James M. Kimzey and Stephen T. Smith, for plaintiffs.*

*Bailey, Dixon, Wooten, McDonald & Fountain, by Wright T. Dixon, Jr., and John N. Fountain, for defendant.*

BROCK, Chief Judge.

Defendant Virginia has raised thirty-six assignments of error based on two hundred thirteen exceptions. Thirty-four assignments were brought forward in defendant's brief for argument. These assignments of error take issue with virtually every phase of the trial proceedings except the presentation of defendant's own evidence. From this welter of argument, two questions emerge.

[1] First, did the trial judge commit reversible error in his jury charge by failing to declare and explain the law arising on the evidence and by failing to relate the law of negligence and

damages to the facts in the case? General Statute 1A-1, Rule 51(a) states:

> "In charging the jury in any action governed by these rules, no judge shall give an opinion whether a fact is fully or sufficiently proved, that being the true office and province of the jury, but he shall declare and explain the law arising on the evidence given in the case. The judge shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto; provided, the judge shall give equal stress to the contentions of the various parties."

In its thirty-third assignment of error, defendant argues that the judge failed to explain the law of negligence arising on the evidence. The judge's instructions, covering twelve pages of the record, were organized in the following manner. The jury was first charged on the plaintiffs' burden of proof, followed by instructions on the law of negligence, which included explanations of duty of care, standard of care, breach of duty of care, injury, proximate cause, and foreseeability. Thereafter, the judge reviewed portions of both plaintiffs' and defendant's evidence. In reviewing plaintiffs' evidence, he related testimony concerning many defects in the units delivered to and installed for the plaintiffs.

Immediately succeeding his review of the evidence, the judge instructed the jury on the application of the law to the evidence as follows:

> "Now on the first issue, members of the jury, I instruct you that if the Plaintiffs have satisfied you by the greater weight of the evidence that the Defendant, or its workman, failed to use good and proper materials, or failed to use due care in manufacturing the structure or mobile home according to specifications, or failed to do the work in a workmanlike manner, or failed to use due care in installing the structure on the Plaintiff's lot; that such conduct would constitute negligence and if the Plaintiffs have further satisfied you by the greater weight of the evidence, that such negligence in any one or more of these respects was the proximate cause of damages to the Plaintiffs, it will be your duty to answer the first issue yes."

This charge is adequate. In recounting plaintiffs' testimony just prior to the charge quoted above, the judge related evidence of

faulty plumbing, faulty wiring, sub-specification fixtures and appliances, and instability in the floors and walls. The evidence, if believed by the jury, was sufficient to permit the jury to find the defendant negligent under the quoted charge.

In the thirty-fifth assignment of error, defendant argues that the court failed to properly explain the law of damages arising on the evidence. The trial judge charged the jury as follows:

> "Now on that second issue, I instruct you that all damages, that if you reach and consider that issue, that all damages naturally and proximately resulting from the Defendant's negligence, it would be the difference in the fair market value of the mobile home and had there been no negligence of the Defendant, and its fair market value in the condition it was in when delivered and installed; and fair market value means the price that property will bring when it is offered for sale by one who is willing to sell but under no compulsion to do so, and it's purchased by one who is ready, able and willing to buy, but under no necessity of buying."

This charge on the measure of damages conforms to the general rule of damages for injury to personal property. 3 Strong, N. C. Index 2d, Damages, § 4, p. 170.

Defendant argues that the charge is not specific enough on the elements of time, place, and condition of the structure. The lack of the degree of specificity desired by the defendant is not error. Where the charge as to the measure of damages is not inherently erroneous, a defendant cannot complain of the instruction when he failed to request amplifications of the instruction given. *Brown v. Griffin,* 263 N.C. 61, 138 S.E. 2d 823 (1964) ; *Owenby v. R. R.,* 165 N.C. 641, 81 S.E. 997 (1914). In the case at bar the trial judge, at the end of his charge, asked the parties if they desired further instructions. The defendant asked for no further amplification.

Defendant also argues that the judge failed to relate pertinent facts while charging on the measure of damages. Thus, it is argued that the jury had insufficient evidence on which to base a measurement. During his review of plaintiffs' evidence, just prior to his charge on applying the law of negligence, the judge stated the injuries testified to by the plaintiffs along with

the evidence tending to show the fair market value of the trailer with and without the alleged negligent acts. Where the court reviews in detail the evidence of plaintiff's injuries, the failure to repeat such evidence in stating the rule for the admeasurement of damages will not be error. *Dinkins v. Booe*, 252 N.C. 731, 114 S.E. 2d 672 (1960) ; 3 Strong, N. C. Index 2d, Damages, § 16, p. 193.

Defendant further argues that in two places the judge misstated evidence amounting to a comment or opinion on the facts in violation of G.S. 1A-1, Rule 51(a). In one instance the judge stated that defendant's own expert witness testified that the units were improperly installed, where in reality the witness had not so testified. We find no error here because the judge immediately caught his error and stated to the jury that the witness had not testified in the manner charged.

In the second instance plaintiffs had testified that in installing the units, defendant's employees, in order to correct the alignment of the two units, placed a board against one unit and drove a truck against the board and unit repeatedly to push the unit flush with the other. In relating this evidence to the jury in his charge, the judge, while stating that a truck was used to bump one unit together with the other, inadvertently failed to state that a board had been used as a buffer. We do not find this error prejudicial; furthermore, an inadvertence by the court in recapitulating the evidence will not be grounds for reversible error unless it is called to the attention of the court in time for correction. *Clay v. Garner*, 16 N.C. App. 510, 192 S.E. 2d 672 (1972) ; *Boring v. Mitchell*, 5 N.C. App. 550, 169 S.E. 2d 79 (1969). At the end of his charge, the trial judge gave the parties an opportunity to request corrections and further instructions. Plaintiffs availed themselves of this opportunity, but defendant declined to do so.

[2]  The second major question raised in this appeal concerns the trial court's failure to submit to the jury an issue of contributory negligence. Defendant requested the issue, but the judge refused the request. The essential determinations are whether defendant presented evidence of negligence on the part of the plaintiffs and whether such negligence was a proximate cause of the plaintiffs' injuries.

Defendant bases its contributory negligence position on the alleged failure of plaintiffs to properly construct the foun-

dation for the units, which was their responsibility. Defendant's expert witness, a consulting engineer, testified that he was employed in March 1974 to inspect and report on the condition of the home and foundation. Direct examination of the expert tended to show two problems with the foundation. First, six concrete block piers supported the middle of the house where the two halves of the double-wide home were joined. One of the six piers was cracked. The frame of the house was seated on the cracked pier, thus supported by it, but the amount of support was questionable. Secondly, from photographs taken by defendant after the March 1974 inspection, the consultant testified to the presence of cracks in the foundation walls. The cracks indicated settling in the foundation, and settling would cause the instability in the floors, walls, and ceilings. There was further testimony that plaintiffs had not constructed the footings of the foundation at a sufficient depth for the particular soil conditions of the lot, thus leading to the settling.

On cross-examination plaintiffs' counsel elicited the following from defendant's expert. After his inspection he submitted a written report to defendant on 24 March 1974. That report stated that the foundation was in good shape. The expert testified that if there had been evidence of settling, it would have been reflected in the report. The units were installed in May of 1970; the complaint was filed in March of 1973; and as late as March 1974, no settling was evident in the foundation. It is clear from defendant's own witness that the injuries complained of by plaintiffs were not the result of improper construction of the footings by plaintiffs.

As for the broken pier, there is no evidence how the pier came to be cracked. While the crack may have been caused by the negligence of the plaintiffs, the pier could just as likely have been cracked by defendant's employees in installing the units. In an allegation of contributory negligence, the burden of proof is on the defendant to show actionable negligence on the part of the plaintiff. Since the defendant failed to show how any negligence of the plaintiffs proximately caused the injuries complained of, the trial judge did not err in refusing to submit an issue of contributory negligence.

The remainder of defendant's assignments of error deal either with objections to evidentiary rulings made by the trial court or the failure of the trial court to grant defendant's mo-

tions for a directed verdict. After careful consideration of these assignments, we find that prejudicial error sufficient to warrant a new trial has not been shown.

No error.

Judges PARKER and HEDRICK concur.