DERRICK WAYNE SAMUEL, BY HIS GUARDIAN AD LITEM GEORGE KELLY SAMUEL v. SWANSON SIMMONS AND BOB STEVENS, INDIVIDUALLY AND DOING BUSINESS AS SNOW WHITE LAUNDRY

No. 8017SC550

(Filed 20 January 1981)

**1. Negligence §§ 53.1, 59.2— duty of care to invitees and licensees**

A landowner is under a duty to exercise ordinary care to maintain in a reasonably safe condition that part of his premises designed for an invitee's use, but when an invitee exceeds the scope of his invitation by going into a part of the business premises where he has no business purpose, he becomes a licensee and a landowner then owes him only the duty to refrain from injuring him willfully or wantonly and from increasing any hazard by active and affirmative negligence.

**2. Negligence § 59.3— action by licensee — insufficiency of evidence**

Defendant laundromat owners were not liable to minor plaintiff for injuries he suffered when he went into the maintenance area behind a row of washing machines at the laundromat and fell into the moving parts of a washing machine since the minor plaintiff became a licensee when he went into the maintenance area behind the machines, and plaintiff failed to allege or show that defendants injured him willfully or wantonly or that they increased the hazard by affirmative negligence.

**3. Negligence § 51— attractive nuisance doctrine**

To establish liability under the attractive nuisance doctrine plaintiff must show that not only were children attracted to the instrumentality or conditions which caused injury or death, but that such children had been attracted to such instrumentality or conditions to such an extent and over such a period of time that any person of ordinary prudence would have foreseen that injury or death was likely to result.

**4. Negligence § 51.3— maintenance area in laundromat — no attractive nuisance**

In an action to recover for injuries suffered by the minor plaintiff when he went

Samuel v. Simmons

into the maintenance area behind a row of washing machines at defendants' laundromat and fell into the moving parts of one of the washing machines, plaintiffs' evidence was insufficient to be submitted to the jury under the attractive nuisance doctrine where there was no evidence that minor plaintiff or any other customer or invitee had ever previously entered the maintenance area of the laundromat.

APPEAL by plaintiff from *Walker (Hal), Judge.* Judgment entered 13 February 1980 in Superior Court, SURRY County. Heard in the Court of Appeals 6 January 1981.

On 18 December 1976, Derrick Wayne Samuel, aged six, went through a plywood gate or door and into the maintenance area behind a row of 22 washing machines at the Snow White Laundry. His mother had brought him while she did her family laundry. Samuel injured himself when he fell into the moving parts of one of the washing machines and caught his arm between a moving belt and pulley. The backs of the machines had been removed, exposing the working parts.

The gate through which Derrick passed was 53 inches high and hinged. The gate was within three feet of the public restrooms and served to close off a three-foot wide maintenance area that ran behind the washing machines. The gate was not served by a latch, and it is not clear from the record whether Derrick opened the door or whether the door was already open.

Children often accompanied their parents to the laundromat, young people frequented the business, but the area behind the machines was not one where business invitees were expected to go.

At the close of the plaintiff's evidence, the trial judge granted the defendants' motion for a directed verdict. Plaintiff appealed.

*Max D. Ballinger for plaintiff appellant.*

*Gardner, Gardner, Johnson & Etringer, by Gus L. Donnelly, for defendant appellees.*

HILL, Judge.

The sole question presented on appeal is whether the trial court properly granted the defendants' motion for a directed verdict at the close of plaintiff's evidence.

The motion by defendants for directed verdict raises the ques-

tion of whether, as a matter of law, the evidence offered by the plaintiff, when presented in the light most favorable to the plaintiff, is sufficient to be submitted to the jury. *Roberts v. Memorial Park,* 281 N. C. 48, 187 S. E. 2d 721 (1972). Every reasonable inference which can be drawn from the evidence must be considered in determining whether such evidence is sufficient to withstand defendants' motion for a directed verdict. *Sawyer v. Shackelford,* 8 N. C. App. 631, 175 S. E. 2d 305 (1970).

Plaintiff contends he brought his action under three legal theories and that the facts presented support one or more of them. The theories are:

(1) that defendants were negligent in maintaining a nuisance attractive to a minor;

(2) that defendants were negligent in maintaining a condition likely to produce injury to the minor plaintiff; and

(3) that defendants were negligent in failing to warn patrons of a lurking danger.

**[1]** A landowner is not an absolute insurer as to the safety of his invitees. *Graves v. Order of Elks,* 268 N. C. 356, 358, 150 S. E. 2d 522 (1966). When Derrick Samuel entered defendants' laundry with his mother, his legal status was that of an invitee by implication. *Foster v. Weitzel,* 17 N. C. App., 90, 91, 193 S. E. 2d 329, 330 (1972), *cert. denied* 282 N. C. 672 (1973). A landowner is under a duty to exercise ordinary care to maintain in a reasonably safe condition that part of his premises designed for the invitee's use, *Wrenn v. Convalescent Home,* 270 N. C. 447, 154 S. E. 2d 483 (1967); but when an invitee exceeds the scope of his invitation by going into a part of the business premises where he has no business purpose, he becomes a licensee. *Wilson v. Dowtin,* 215 N. C. 547, 551, 2 S. E. 2d 576 (1939). As to a licensee, a landowner owes only the duty to refrain from injuring him willfully or wantonly and from increasing any hazard by active and affirmative negligence. *Thames v. Teer Co.,* 267 N. C. 565, 569, 148 S. E. 2d 527 (1966).

**[2]** Plaintiff's own evidence and answers to defendant's request for admissions establish that Derrick Samuel was a licensee at the time of his injury. Diane Samuel testified that she had never been into the maintenance area behind the gate, that she had no reason to go there and that she had never seen others there. Plaintiff admitted in his

---

Samuel v. Simmons

---

response to defendants' request for admissions that a business invitee would not be reasonably be expected to go into the maintenance area behind the machines.

Plaintiff has not alleged or made any showing that defendants injured him willfully or wantonly or are guilty of affirmative negligence. For that reason, plaintiff cannot recover under his second and third theories.

Plaintiff has alleged, however, that the doctrine of attractive nuisance applies. Where that doctrine is applicable, a landowner has a duty of ordinary care even though the plaintiff is a licensee.

> Generally, the attractive nuisance doctrine is applicable when, and only when, the following elements are present: (1) the instrumentality or condition must be dangerous in itself; (2) it must be attractive and enticing to young children; (3) the children must be incapable by reason of their youth of comprehending the danger involved; (4) the instrumentality ... must be left unguarded and exposed at a place where children of tender years are accustomed to resort or where it is reasonably to be expected that they will resort; (5) it must be reasonably practical either to prevent access to the instrumentality or else render it innocuous without obstructing any reasonable purpose or use for which it was intended.

9 Strong, N.C. Index 3d, Negligence, § 51, p. 466; *citing Lanier v. Highway Comm.,* 31 N. C. App. 304, 229 S. E. 2d 321 (1976). *Also see McCombs v. City of Asheboro,* 6 N. C. App. 234, 242-3, 170 S. E. 2d 169 (1969).

[3]  To establish liability under the attractive nuisance doctrine plaintiff must show that not only were children attracted to the instrumentality or conditions which caused injury or death, but that such children had been attracted to such instrumentality or conditions to such an extent and over such a period of time that any person of ordinary prudence would have foreseen that injury or death was likely to result. *Lovin v. Hamlet,* 243 N.C. 399, 90 S.E. 2d 760 (1956). Such evidence is absent from the record.

[4]  Plaintiff's evidence shows that the door was located within three feet of the public restroom. The evidence further shows that children

---

played in the areas outside the maintenance area. There is no evidence, however, that plaintiff *or any other customer or invitee* had ever entered the maintenance area previously. Plaintiff had accompanied his mother to the laundromat almost weekly. Plaintiff's mother testified she had come to the laundromat about 300 times, but there is no evidence that plaintiff was ever previously attracted to the maintenance area. The record is void of any evidence that the maintenance area constituted an attractive nuisance.

The trial judge was correct in granting defendants' motion for a directed verdict.

Affirmed.

Judges ARNOLD and WELLS concur.