IRENE B. FOSTER v. WINSTON-SALEM JOINT VENTURE, A GENERAL PARTNERSHIP; JACOBS, VISCONSI & JACOBS COMPANY; CENTER RIDGE CO.; BELK-HENSDALE COMPANY OF FAYETTEVILLE, N.C., INC.; SEARS, ROEBUCK AND COMPANY; AND J. C. PENNEY PROPERTIES, INC.

No. 8022SC542

(Filed 3 February 1981)

**Negligence §§ 50.1, 57.11— assault and robbery in mall parking lot — liability of mall owners for failure to provide adequate security**

Plaintiff's complaint was sufficient to state a claim for relief against the owners of a shopping mall where it alleged that plaintiff was kicked, beaten and robbed by two assailants when she returned to her car in the mall parking lot and that her injuries were proximately caused by defendant owners' negligent failure to provide adequate security for the mall parking lot. However, plaintiff's evidence on motion for summary judgment was insufficient to show that defendant owners knew that a dangerous condition existed as a result of criminal activity in the parking lot or that a dangerous condition with regard to assaults had existed long enough for defendant owners to have discovered it, and summary judgment was properly entered for defendant owners, where the evidence tended to show that plaintiff was assaulted at a parking spot relatively close to the door of a department store rather than in a remote area of the lot, there were 36 reported criminal incidents at the mall in the year prior to the assaults on plaintiff, only six or seven of those criminal incidents can be characterized as assaults on a person, and most of the incidents involved larceny of goods from a car or larceny of car parts.

Judge ARNOLD concurs in the result.

Judge WELLS dissenting.

APPEAL by plaintiff from *Hairston, Judge.* Judgment entered 29 January 1980 in Superior Court, DAVIE County. Heard in the Court of Appeals 6 January 1981.

This case is before this Court on appeal by plaintiff from a judgment granting defendant's motion for summary judgment and dismissing plaintiff's action under Rule 12(b)(6).

Mrs. Irene Foster, plaintiff in this case, was assaulted in the parking lot of Hanes Mall shopping center. The mall is owned by defendants.

Plaintiff had driven to the mall on 20 December 1976 to do some Christmas shopping and had parked her car very near the entrance of Belk's Department Store. Plaintiff entered the mall, did some shopping, and then returned to her car around dusk. As

plaintiff was entering her car, she was assaulted from behind by two men who violently pushed her into her car, and then pulled her out, knocking her to the pavement. The assailants then brutally kicked and beat plaintiff and robbed her. After the attackers left, plaintiff crawled into Belk's Department Store and reported the attack.

Plaintiff brought action against defendants, claiming that her injuries were proximately caused by defendants' negligent failure to provide adequate security for the mall parking lot.

*Hutchins, Tyndall, Bell, Davis & Pitt, by Richard D. Ramsey and Fred S. Hutchins Jr., for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by James M. Stanley Jr. and Allan R. Gitter, for defendant appellee.*

HILL, Judge.

We find that the trial judge erred in dismissing the case pursuant to Rule 12(b)(6). No motion by defendants to dismiss for failure to state a claim can be found in the record. The error is harmless, however, because matters outside the pleadings were considered, and the trial judge correctly granted summary judgment in favor of defendants pursuant to Rule 56. We make the rather technical point above because we feel it is important to stress that *if* a 12(b)(6) motion had been made and considered solely on the pleadings, plaintiff could have stated a cause of action if the facts alleged could have been proven.

The RESTATEMENT (SECOND) OF TORTS, § 344 (1965), is illustrative of the position taken by eminent, modern legal scholars on the duty of a shopping center to protect a business invitee from criminal attack.

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the ... intentionally harmful acts of third persons . . ., and by the failure of the possessor to exercise reasonable care to
>
> (a) discover that such acts are being done or are likely to be done . . . .

Comment f to § 344 goes on to suggest that if a shopping center owner knows from past experience that he should reasonably anticipate criminal conduct on the part of third persons directed toward his invitees, he may be under a duty "to provide a reasonably sufficient number of servants to afford a reasonable protection."

It is clear that a landowner is not an insurer of the safety of his invitees, *Graves v. Order of Elks*, 268 N.C. 356, 358, 150 S.E.2d 522 (1966), and we are aware of no North Carolina case that has held a landowner responsible for protecting his business invitees from the criminal acts of third parties. The reasoning, of course, is that the criminal acts of third parties are entirely unforeseeable. *See Williams v. Mickens*, 247 N.C. 262, 100 S.E.2d 511 (1957); *Toone v. Adams*, 262 N.C. 403, 137 S.E.2d 132 (1964).

Such reasoning, however, when applied to modern times in a shopping center setting where large amounts of money and merchandise are exchanged and numerous people with no apparent purpose in being at the shopping center nonetheless loiter about, is fallacious.

This Court, in finding that plaintiff has stated a cause of action, does not believe it is taking a pioneeering step. Rather, the Court feels that it is entirely consistent with the mainstream of North Carolina law to hold landowners responsible for protecting their business invitees from the foreseeable criminal action of third parties. Our Supreme Court held in *Aaser v. Charlotte*, 265 N.C. 494, 499, 144 S.E.2d 610 (1965), that

> In the place of amusement or exhibition, *just as in the store*, when the dangerous condition or activity . . . arises from the act of third persons, . . . the owner is not liable for injury resulting *unless he knew of its existence or it had existed long enough for him to have discovered* it by the exercise of due diligence and to have removed or warned against it. (Citations omitted.) (Emphasis added.)

We hold, then, that plaintiff has stated a cause of action. The next question we must ask is whether defendants, by the exercise of due diligence, knew that a dangerous condition existed as a result of criminal activity in the parking lot or that such a dangerous condition had existed long enough for defendants to have discovered it.

We find that no dangerous condition existed. Summary judg-

ment in favor of defendants was properly granted by the trial court.

"When motion for summary judgment is made, the court must look at the record in the light most favorable to the party opposing the motion." *Patterson v. Reid,* 10 N.C. App. 22, 178 S.E.2d 1 (1970). Plaintiff's answer to interrogatories shows that in the year prior to her assault, twenty-eight reported crimes took place in the Hanes Mall parking lot. Defendants' own evidence indicates there were thirty-six reported criminal incidents at the mall in the year prior to plaintiff's assault. One woman was kidnapped from the lot on or about 17 September 1975 and later raped. Of the number of criminal incidents, six or seven can be characterized as assaults on a person. The standard incident was larceny of goods from a car or larceny of car parts.

At first blush, the number of incidents during the year preceding plaintiff's assault would indicate that defendants knew a dangerous condition existed in their parking lot as a result of criminal activity. We cannot say, however, that the numerous petty larcenies in the 76-acre parking lot should have placed defendants on notice that a dangerous condition with regard to assaults existed. Neither can we say that six or seven assaults in such a large and heavily trafficked area gave defendants knowledge of a dangerous condition, especially when the evidence shows that plaintiff was assaulted at a parking spot relatively close to the door of Belk's Department Store, rather than in a remote area of the parking lot.

For the reasons stated above, the action of the trial judge in granting summary judgment in favor of defendant is

Affirmed.

Judge ARNOLD concurs in the result.

Judge WELLS dissents.

Judge WELLS dissenting.

I believe the reasoning and logic of our Supreme Court in *Manganello v. Permastone, Inc.,* 291 N.C. 666, 231 S.E. 2d 678 (1977) requires a different result from that reached by the majority. In the case *sub judice,* plaintiff was able to show that there were frequent and repeated occasions of serious criminal acts on the premises of this particular shopping center. As the majority points out, there were at least thirty-six reported criminal incidents at the mall in

the year preceding the assault upon plaintiff. The record discloses that in the six months prior to 20 December 1976, there were at least twelve such serious incidents, and that in the month of December, 1976, prior to the date on which plaintiff was assaulted, there had been four such incidents, one of which was an assault on a customer and one of which was a robbery of a customer. The robbery took place in the mall, only one day before plaintiff was assaulted and robbed.

I believe this evidence, when viewed in the light most favorable to plaintiff and treated so as to give her the benefit of every reasonable inference to be derived from it, is sufficient to establish the element of foreseeability of harm to plaintiff from criminal activity on the premises of this shopping center. Our courts have held that it is only in exceptional negligence cases that summary-judgment is appropriate, because the rule of the prudent man or other appropriate standards of care must be applied. *See Caldwell v. Deese,* 288 N.C. 375, 380-81, 218 S.E. 2d 379, 382-83 (1975); *Page v. Sloan,* 281 N.C. 697, 706, 190 S.E. 2d 189, 194 (1972). While the circumstances and facts underlying plaintiff's action may present a novel question of law, I do not believe them to be sufficiently exceptional to take this case out of the rule, and therefore the case should go to the jury.