ISABELL CANTEY v. MRS. JOHN R. BARNES, D/B/A SUNSHINE SELF-SERVICE

No. 8016DC734

(Filed 7 April 1981)

1. **Negligence § 57.10– defective electric cord on laundromat floor – injury to patron – sufficiency of evidence of negligence**

    In an action to recover for personal injuries sustained by plaintiff when she stepped on an electric cord in a laundromat, experienced a shock, and was knocked to the floor, evidence was sufficient to be submitted to the jury where it tended to show that the electric cord on the floor in front of a drink machine placed in the laundromat for use by patrons was defective and unsafe; the defective and unsafe condition could have been discovered by a reasonable inspection of the premises by defendant; and failure of defendant to correct the defective and unsafe condition was a breach of duty constituting actionable negligence on the part of defendant. Additionally, plaintiff made out a sufficient case for the jury on the issue of defendant's negligence under the doctrine of *res ipsa loquitur,* since electric cords do not ordinarily shock people when stepped on in the absence of defective insulation or negligent construction, maintenance, or inspection; and defendant retained exclusive control of the electric cord prior to and immediately after the laundromat opened on the morning of plaintiff's injury.

2. **Negligence § 58.1– action by invitee – instructions proper**

    In plaintiff's action to recover for personal injuries sustained when she received an electrical shock and was knocked down in defendant's laundromat, the trial court gave adequate instructions on the issue of negligence and the duty owed an invitee, and the trial court, in instructing on contributory negligence, did not intimate that defendant had admitted negligence.

Cantey v. Barnes

APPEAL by defendant from *Richardson, Judge.* Judgment entered on 23 April 1980 in District Court, ROBESON County. Heard in the Court of Appeals 12 February 1981.

This action for personal injuries sustained by the plaintiff, Isabell Cantey, as a result of a fall in a laundromat owned and operated by defendant, Mrs. John R. Barnes, was filed on 1 November 1979. Following a district court jury verdict and judgment awarding plaintiff $5,000 in damages, the defendant appealed and assigned as error (1) the court's failure to grant defendant's motion for a directed verdict under Rule 50, (2) the court's failure properly to charge on the contentions of the party, and (3) the court's failure properly to charge on the duty of care owed to an invitee.

The facts as presented at trial are not in dispute. On 3 October 1978 the plaintiff arrived at the Sunshine Self-Service Laundromat shortly after it opened at 7:00 a.m. to do her laundry. The attendant, Donna Barnes, was the only person present in the laundromat at the time the plaintiff arrived. (Donna Barnes is not related to the owner, Mrs. John R. Barnes.) As was her custom, plaintiff asked Donna Barnes to do her laundry — to remove the clothes from the washing machine when the washing cycle was complete, to put the clothes in the dryer and to fold the clothes when they were dry. Donna Barnes "agreed to, but she stated she had to run and take her little boy to school and she would be right back and so I went and put my clothes in my washer." Donna Barnes left, leaving plaintiff alone in the laundromat.

After the plaintiff started the washing machine, she walked over to the soft drink machine to buy a soft drink. Before she had a chance to put her money into one of the machines, the plaintiff heard a noise like a gunshot, felt something go up her leg, and was knocked backwards to the floor. Her back and head hit the cement floor. When plaintiff was able to sit up, she saw smoke coming from an electrical cord in front of the drink machines. The electrical cord was raw and burnt in two; there was no insulation on either end. There was also a big black spot on the floor underneath the electrical cord. The laundromat was generally dirty, and on the morning of 3 October 1978 there was trash on the floor.

As a result of the shock and fall, the plaintiff suffered injuries to her neck, back, both knees and right arm. She was treated at the emergency room of Southeastern General Hospital and was under the care of Dr. Woodrow W. Beck, Jr., a chiropractor, for approximately twelve weeks.

At the conclusion of the plaintiff's evidence, the defendant moved, pursuant to Rule 50 of the North Carolina Rules of Civil Procedure, for a directed verdict on the grounds that the plaintiff had failed to prove negligence on the part of the defendant. Defendant further argued on the motion that if there were any evidence of negligence on the part of the defendant, then the plaintiff had contributed to her own injuries by her failure to exercise due care. The motion was denied. The defendant offered no evidence

*McLean, Stacy, Henry & McLean, P.A., by Everett L. Henry, for defendant appellant.*

*Musselwhite, Musselwhite & McIntyre, by Donald A. Long, for plaintiff appellee.*

BECTON, Judge.

[1] The defendant first argues that the court should have granted a directed verdict in her favor because the plaintiff "failed to show actionable negligence on the part of the defendant and has shown contributory negligence barring her recovery." We disagree. A directed verdict should be granted only if the evidence is insufficient, as a matter of law, to support a verdict for the plaintiff. *Husketh v. Convenient Systems,* 295 N.C. 459, 245 S.E. 2d 507 (1978); *Dickinson v. Pake,* 284 N.C. 576, 201 S.E. 2d 897 (1974). "[I]n considering a defendant's motion for a directed verdict, the court must view the evidence in the light most favorable to the plaintiff, resolving all conflicts in [her] favor and giving the plaintiff the benefit of every inference that reasonably can be drawn in [her] favor." 295 N.C. at 461, 245 S.E. 2d at 508-09.

Considering the evidence in the light most favorable to the plaintiff, the plaintiff was the first patron to enter the laundromat on the morning of 3 October 1978. Thus, the presence of the electrical cord in front of the soft drink machine could not have been caused by a third party. A reasonable inspection of the premises by the attendant before the laundromat was opened

for business that day would have revealed the presence of the electrical cord in front of the drink machines. Although the electrical cord was obvious, its condition was not obvious to plaintiff.

Plaintiff was an invitee. It is true that a store owner is not an insurer of an invitee's safety. *Graves v. Order of Elks,* 268 N.C. 356, 150 S.E. 2d 522 (1966); *Fearing v. Westcott,* 18 N.C. App. 422, 197 S.E. 2d 38 (1973). However, the defendant, as owner of the premises, was under a duty to exercise ordinary care to keep that portion of the premises designed for use by invitees in a reasonably safe condition so as not to expose invitees unnecessarily to danger. *Sledge v. Wagoner,* 248 N.C. 631, 104 S.E. 2d 195 (1958). Because this duty to keep the premises in a reasonably safe condition implies a duty to make reasonable inspections and to correct unsafe conditions which a reasonable inspection would reveal, a breach of this duty constitutes actionable negligence on the part of the defendant. *Rappaport v. Days Inn,* 296 N.C. 382, 250 S.E. 2d 245 (1979); *Sledge v. Wagoner, supra.*

Applying the law to the facts and the reasonable inferences from the facts, the trial court properly denied the defendant's motion for a directed verdict. There was sufficient evidence to indicate (1) that properly insulated electrical cords do not ordinarily shock people who step on them; (2) that the electrical cord in front of the drink machine was defective and unsafe; (3) that the defective and unsafe condition could have been discovered by a reasonable inspection of the premises by the defendant; and (4) that the failure of the defendant to correct the defective and unsafe condition was a breach of duty constituting actionable negligence on the part of the defendant.

Additionally, plaintiff made out a sufficient case for the jury on the issue of defendant's negligence under the doctrine of *res ipsa loquitur.* In *Husketh,* the North Carolina Supreme Court applied the doctrine of *res ipsa loquitur* to a similar situation. The plaintiff in *Husketh* was flipped onto the floor when the bar stool on which she had just seated herself collapsed. The court noted that "[s]eating provided for use by customers of business establishments does not ordinarily collapse in the absence of negligent construction, maintenance, *or inspection*" and further noted that "a business proprietor re-

tains exclusive control of such seating while it is being used by patrons for the purpose for which it was intended [citations omitted]." (Emphasis added.) 295 N.C. at 462, 245 S.E. 2d at 509. Similarly, electrical cords do not ordinarily shock people when stepped on, in the absence of defective insulation or negligent construction, maintenance, *or inspection*. Defendant retained exclusive control of the electrical cord prior to and immediately after the laundromat opened on the morning of 3 October 1978, and, we conclude, as did the *Husketh* court, that there was sufficient evidence of the defendant's negligence to go to the jury under the doctrine of *res ipsa loquitur*.

With respect to the issue of contributory negligence, it is important to point out that this is not a "slip and fall case" from an "observable and visible" condition. In this case, plaintiff fell and injured herself only after receiving an electrical shock. Moreover, this case does not involve an "obvious condition" with no defects; this case involves a condition that was in fact defective and not obvious. A reasonable person would not expect to be shocked by stepping on an electrical cord, and the mere fact that the plaintiff did so in this case does not constitute contributory negligence as a matter of law. *See Sledge v. Wagoner, supra*. The trial court properly allowed the issue to be decided by the jury, because the evidence, taken in the light most favorable to the plaintiff, failed to establish negligence on the part of the plaintiff so clearly that no other reasonable inference could have been drawn therefrom.

[2] Defendant's second and third assignments of error are combined in his second argument which reads: "[t]he court erred in its charge to the jury and in its instructions on the contentions of the parties and as to the law with respect to an invitee." We have viewed the entire charge and find it to be without prejudicial error.

The law is well settled: if the charge of the trial court, when considered as a whole, presents the law of the case so that there is no reasonable ground to believe that the jury was misled or misinformed, then it is not prejudicial error simply because a particular jury instruction might have been better stated. *Gregory v. Lynch*, 271 N.C. 198, 155 S.E. 2d 488 (1967); *Jones v. Development Co.*, 16 N.C. App. 80, 191 S.E. 2d 435 (1972).

The following exerpts taken from the Judge's charge are more than adequate on the issue of negligence and the duty owed an invitee:

The first issue is: Was Mrs. Cantey injured and damaged by the negligence of Mrs. Barnes in the operation of the washerette?

. . . .

Now if you find that Mrs. Cantey has proven to you by the greater weight of the evidence that she was injured by the negligence of Mrs. Barnes in that she was negligent of [sic] the operation of the laundromat by her failure to inspect the premises and that to allow the electrical cord to be in a position and be in such a state as to cause her to be shocked and then injured, then you would answer the first question "yes" in favor of Mrs. Cantey.

. . . .

Now, Mrs. Barnes, the owner of the laundromat is of the - to [sic] exercise the ordinary care is required to warn anybody using the premises of any hidden or concealed defects or damaged conditions which she the owner of the laundromat should have known about or would have known about with just reasonable inspection.

Now she, Mrs. Barnes, the owner of the laundromat is charged with knowledge of any condition which a reasonable inspection and supervision of the premises would reveal. She is charged with the knowledge of any dangerous or concealed conditions which her own conduct or that of any of her employees might have created.

Now let me also instruct you that the owner of the laundromat is not required to warn anybody using that premises of any obvious dangers or conditions. She does not have to warn any dangerous condition about which an invitee or somebody using the business would have had equal opportunity or either superior knowledge of the defect. A store owner is not an insurer of the invitee's safety.

The defendant contends that the trial court should have instructed the jury concerning the length of time the electrical

cord had been on the floor, the knowledge of the defendant of the presence of the electrical cord, and the possibility that a third party had put the electrical cord down. When a trial court gives adequate instructions on the issue of negligence and the duty owed to an invitee, as was done in this case, it is not necessary to give the specific instructions now suggested by the defendant. This is particularly true given the facts of this case in which the evidence showed that the electrical cord ran from a drink machine; that the electrical cord was there when the laundromat opened on the morning of 3 October 1978; and that its presence would have been discovered by a reasonable inspection of the premises by the attenaant prior to opening the establishment for business that day. (We note that defendant made no request for further instructions prior to the time the jury began its deliberations.)

The defendant also contends that the trial judge "intimated" that the defendant had admitted negligence. This occurred on two separate occasions when the judge said the defendant's contention was that the plaintiff was guilty of contributory negligence. This argument is without merit. The trial judge simply instructed the jury on the defense of contributory negligence which was raised in the defendant's own pleadings. Obviously the defendant was denying negligence, and the court's instructions on contributory negligence cannot be construed to be an admission of negligence on the part of the defendant. In fact, immediately after the court's statements on contributory negligence to which defendant excepts, the court in each instance further instructed the jury to the effect that "the burden of proof in this case has fallen on Mrs. Cantey to prove that Mrs. Barnes was negligent and that she failed to reasonably inspect or maintain her building out at the Sunshine business, that being a washerette." When the court has sufficiently instructed the jury, if the instructions are not as complete or detailed as a party desires, he should submit a request for special instructions. *Broadnax v. Deloatch*, 20 N.C. App. 430, 201 S.E. 2d 525 (1974). *See also Sims v. Manufacturing Corp.*, 32 N.C. App. 193, 231 S.E. 2d 287 (1977).

In both the *Sims* case and the case at bar, the trial judge at the end of his charge asked the parties if they desired further instructions, and in both cases the defendant did not. The charge of the trial court was more than adequate under the

standards set by Rule 51 of the North Carolina Rules of Civil Procedure. The charge presented the law of the case in such a manner that there is no reasonable ground to believe that the jury was misled or misinformed. Therefore, there was no prejudicial error in the charge of the court.

The jury has spoken and, in this trial, we find

No error.

Judge VAUGHN and Judge WELLS concur.