CHERYL LYN FEAGIN, BY HER GUARDIAN AD LITEM, DONALD B. FEAGIN; AND DONALD B. FEAGIN, INDIVIDUALLY v. BURGESS M. STATON AND JOHN W. FAULKNER

No. 8420SC531

(Filed 5 February 1985)

1. Negligence § 27— child playing on trash dumpster—condition of dumpster after accident—evidence inadmissible

In an action to recover for personal injuries sustained by the minor plaintiff when a trash dumpster fell on her, the trial court did not err in excluding testimony by plaintiff father concerning statements made to him by one of defendant's employees as to the condition and safety of the dumpster as he found it after the accident, since the testimony was inadmissible hearsay; it was not admissible as an admission because there was no evidence that the

employee's employment as an ambulance driver related to the dumpster or
that defendant had authorized the employee to make any statements regarding
the dumpster; and plaintiff father's own testimony indicated that the dumpster
was less level after the accident than before, thus rendering inadmissible any
testimony as to the condition of the dumpster after the accident.

2. **Negligence § 29.3— child playing on trash dumpster—attractive nuisance—no
foreseeability**

In an action to recover for personal injuries sustained by the minor plain-
tiff when a trash dumpster fell on her, there was no merit to plaintiff's conten-
tion that the evidence could have permitted the jury to find that the dumpster
was an "attractive nuisance," since there was no evidence that the dumpster
was a dangerous instrumentality or created an unreasonable risk, and neither
defendant was aware of children in the vicinity being attracted to the dump-
ster and neither could therefore have reasonably foreseen injury.

APPEAL by plaintiffs from *McKinnon, Judge*. Judgment en-
tered 13 October 1983 in Superior Court, ANSON County. Heard in
the Court of Appeals 15 January 1985.

Plaintiffs brought this action to recover compensation for in-
juries sustained by Cheryl Lyn Feagin, who was seven years old
at the time, when a trash dumpster fell on her. Plaintiffs'
evidence shows the following: The dumpster was located in a
trailer park owned by defendant Faulkner, close to the mobile
home plaintiffs lived in and rented from Faulkner. Defendant
Staton supplied and serviced the dumpster. The dumpster
weighed about 300 pounds, was three or four feet tall, and had a
sloped front end with a metal bar across it. On 10 December 1976,
Cheryl was swinging from the bar on the front of the dumpster
while several other children were walking on top of it. The dump-
ster began to fall forward, and the other children jumped off, but
Cheryl was pinned beneath it.

Cheryl testified that she had seen other trash dumpsters tip
over on other occasions when children would swing on them. Her
father, plaintiff Donald Feagin, testified that twelve days after
the accident the dumpster was "not really level," that it was
tilted forward. He also stated that the dumpster was located in a
"fairly level" area, that he had taken trash to it approximately
fifty times prior to the accident, and that he had not had any com-
plaints about the dumpster prior to the accident. He never no-
ticed it as being unlevel before the accident, but it was unlevel
afterwards.

The dumpster was not braced in front or tied down. Jackie Lee McFadder testified that it would lean forward when loaded with trash toward the front, but that he could not rock it and it probably would take several people to push over the dumpster when it had weight in the front. Several witnesses testified that the dumpster was situated on fairly level ground.

Neither defendant ever saw children playing on the dumpsters in the trailer park where plaintiffs lived.

At the close of plaintiffs' evidence, the trial court granted directed verdicts in favor of both defendants. Plaintiffs appealed.

*Henry T. Drake for plaintiffs, appellants.*

*F. O'Neil Jones for defendant, appellee, Burgess M. Staton.*

*Golding, Crews, Meekins, Gordon & Gray, by James P. Crews, for defendant, appellee, John W. Faulkner.*

HEDRICK, Chief Judge.

[1] Plaintiffs contend the trial court erred in excluding testimony from plaintiff Donald Feagin concerning statements made by Jack McFadder. McFadder had discussed the condition and safety of the dumpster, as he found it after the accident, with Feagin. This testimony was properly excluded as hearsay, and it was not admissible as an admission, even though defendant Faulkner employed McFadder as an ambulance driver, since there was no evidence that McFadder's employment related to the dumpster or that Faulkner had authorized him to make any statements regarding the dumpster. *See* 2 H. Brandis, *Brandis on North Carolina Evidence* Sec. 169 (2d rev. ed., 1982). Moreover, Feagin's own testimony indicated that the dumpster was less level after the accident than before, and this change of condition renders inadmissible any testimony as to the condition of the dumpster after the accident. 1 H. Brandis, *Brandis on North Carolina Evidence* Sec. 90 (2d rev. ed., 1982).

[2] Plaintiffs contend the directed verdicts in favor of defendants were error because the evidence could have permitted the jury to find that the dumpster was an "attractive nuisance." We disagree. Plaintiffs were required to present evidence showing (1) that the dumpster was a dangerous instrumentality or created an

unreasonable risk, and (2) that children had been attracted to it to such an extent and over such a period of time that a person of ordinary prudence would have foreseen that injury was likely to result. *Samuel v. Simmons*, 50 N.C. App. 406, 409, 273 S.E. 2d 761, 763, *disc. rev. denied*, 302 N.C. 399, 279 S.E. 2d 352 (1981). Plaintiffs' evidence fails in both respects. Cheryl Feagin could not specifically remember having seen the dumpster that injured her tip over on previous occasions. All the other testimony indicates that the dumpster that injured her had never been seen to fall over, it could not be rocked or tipped without several people pushing it, and it sat on fairly level ground. Thus, plaintiffs failed to show the dumpster was a dangerous instrumentality. Nor did defendant Staton create an unreasonable risk in not securing the dumpster to the ground since it was his customary practice not to secure dumpsters to the ground, and there was no showing that this practice was unreasonable.

Even if the dumpster had been inherently dangerous, neither defendant reasonably could have foreseen injury because they were not aware of children in that trailer park being attracted to the dumpsters. Plaintiffs have failed to satisfy critical elements of their negligence claim. *See Samuel v. Simmons*, 50 N.C. App. 406, 273 S.E. 2d 761 (1981).

Affirmed.

Judges WHICHARD and PARKER concur.