**Betty Stelloh, Plaintiff-Appellant, v. Cottage 83, a Corporation, Defendant-Appellee.**

**Gen. No. 49,186.**

First District, Fourth Division.

September 9, 1964.

Horace N. Lund, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Forrest L. Tozer and Richard E. Mueller, of counsel), for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff appeals from the dismissal of Count Two of her Second Amended Complaint for failure to state a cause of action and the entry of final judgment in favor of defendants.[1]

The complaint alleges that defendant operated a private housing project containing about 69 apart-

---

[1] The only other count of the complaint, Count One, was dismissed by agreement in the trial court.

ment buildings, in one of which plaintiff was a tenant in a first-floor apartment.[2] Defendant maintained a private police force which was represented to the tenants of the project "as giving a special and added protection to the security and safety of the occupants." In the housing project there had been a series of break-ins, burglaries and rapes which were known to the defendant. (It is not alleged that plaintiff was unaware of these crimes.) On August 31, 1960, underneath the window of plaintiff's apartment, a David Hudson was arrested for carrying a concealed knife. (It is not alleged that defendant knew of this incident nor is it alleged that plaintiff was unaware thereof.) Defendant failed to warn plaintiff and to provide protection for her. As a direct result of this alleged negligence, on September 23, 1960, the same David Hudson entered plaintiff's apartment through a window and assaulted and forcibly raped her. Plaintiff sustained injuries as a result, and she seeks damages of $200,000.

Defendant filed a motion to strike, and, after hearing, the court entered the order from which this appeal has been taken.

Plaintiff's theory is that defendant knew or should have known that plaintiff was in a position of danger; that by employing a private police force defendant assumed a duty to warn plaintiff and to use reasonable care to protect her from criminal activities.

■ The liberal construction which we believe must be afforded to a litigant in determining the sufficiency of his pleading (Kita v. YMCA of Metropolitan Chicago, 47 Ill App2d 409, 198 NE2d 174; Haymes v. Catholic Bishop of Chicago, 52 Ill App2d 140, 201 NE 2d 675), does not help plaintiff here, as she states no cause of action at all.

---

[2] All statements in this paragraph of the opinion are based on allegations of the Second Amended Complaint.

██ ██ To state a cause of action for a breach of duty, the duty must first be alleged, and, in a case such as this, the undertaking of defendant must be set forth if there is to be actionable negligence for its violation. Nelson v. Union Wire Rope Corp., 39 Ill App2d 73, 121, 187 NE2d 425; Murphy v. Cory Pump & Supply Co., 47 Ill App2d 382, 401, 197 NE2d 849. While it is true that liability may be based on a voluntary undertaking (Nelson v. Union Wire Rope Corp., 39 Ill App2d 73, 121, 187 NE2d 425), the allegations of duty and breach must mesh, and the pleading must show on its face that the negligence alleged falls within the scope of the alleged undertaking. The complaint does not do this in the case at bar.

██ The undertaking alleged (that defendant's private police would give a special and added protection to the security and safety of its tenants) cannot reasonably be construed as insurance of absolute protection against crime. Even the assignment of an armed personal bodyguard with full police authority (which defendant did not have) could not guarantee such a result.

██ The heart of plaintiff's complaint appears to be that when Hudson was arrested near her window on the charge of carrying a concealed weapon (about two weeks before her rape), defendant should have warned her of the incident and failed to do so. Without deciding whether proximate cause of the rape could thereby be adequately alleged,[3] it is sufficient

---

[3] We doubt that the giving of this warning, under all the circumstances alleged, would have lessened the probability of the crime, or that the failure so to notify plaintiff would have increased the hazard in any way. Rollins v. General American Transp. Corp., 46 Ill App2d 266, 271, 197 NE2d 68.

On this question the nonliability cases involving the maintenance of burglar alarms or watchmen's supervisory systems would be of interest. For example: Libby, McNeill & Libby v. Illinois Dist. Tel. Co., 294 Ill App 93, 13 NE2d 683; Vastola v. Connecticut Protective System, 133 Conn 18, 47 A2d 844.

171

to note the absence in the complaint of any allegation that defendant did, or that plaintiff did not, know of this incident prior to the occurrence of the rape.

Every opportunity was given plaintiff to amend her complaint. The revisions embodied in the second amended complaint did not add sufficient substance to state a cause of action. The order of the trial court is therefore affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.