**Ann M. FLOOD, Plaintiff,**

v.

**WISCONSIN REAL ESTATE INVESTMENT TRUST, INC. et al., Defendants.**

**Civ. A. No. 77–2133.**

United States District Court, D. Kansas.

Aug. 22, 1980.

---

Donald S. Eisenberg, Charles W. Giesen, Kevin F. Milliken, Eisenberg, Giesen & Ewers, Madison, Wis., Terry M. Roehl, Overland Park, Kan., for plaintiff.

Bill E. Fabian, J. Nick Badgerow, McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendants.

## MEMORANDUM & ORDER

SAFFELS, District Judge.

This case comes now before the Court upon the motions of defendants, Wisconsin Real Estate Investment Trust, Inc., REIT Property Managers, Ltd., WREIT Advisory Corporation and MJA Associates, for summary judgments as to the claims made against them by plaintiff Ann M. Flood. Plaintiff alleges she was assaulted and raped in her apartment located in the Olde English Village Complex owned by defendant WREIT, Inc.; her apartment was also burglarized. She seeks damages based upon defendants' negligence in providing adequate security for plaintiff's apartment, and, by way of Amended Complaint, defendants' breach of warranty.

Defendants claim entitlement to summary judgment in three separate motions. In their first motion, defendants argue summary judgment should be granted as to any oral or implied warranties for three reasons. First, they contend any action for warranties is barred by the statute of limitations. Second, they argue that the only claim can be for breach of an implied warranty which would have accrued at the time of the rental agreement. Third, defendants contend the plaintiff's amended claims as to defendants REIT Property Managers, Ltd., WREIT Advisory Corporation, and MJA Associates are barred because it was filed more than three (3) years after the transaction or occurrence upon which the claim is based, and could not relate back. In defendants' second motion, they argue summary judgment should be granted as to any written warranties, because the use of the word "security" in a brochure or advertisement was not of sufficient nature to constitute an express written warranty upon which an action for breach would lie. They also contend there was no privity of knowledge between plaintiff and three of the defendants with respect to any written warranties. In addition, they assert a claim of a breach of an express or implied warranty must fail because the law of warranties applies only to sales. In defendants' third motion for partial summary judgment as to negligence, they claim there is no causal connection as to the conduct of the defendants, because a criminal act, undertaken by a third party, intervened and directly caused the injuries about which the plaintiff complains.

Plaintiff argues that Kansas has recognized an implied warranty of habitability, and that plaintiff has stated a cause of action based on breach of an implied warranty of habitability. Plaintiff also submits that her claim accrued on the date of the assault, and therefore her claim was within the three-year limitation. In addition, the plaintiff argues if her cause did arise prior to April 11, 1975, the "relation back" doctrine is applicable. With respect to express warranties, the plaintiff asserts that express warranties need not be in writing, that plaintiff has privity with all defend-

ants, and that express warranty claims are not limited to sales or permanent transfers of property. The plaintiff also argues that the urban landlord is under an affirmative duty to protect its tenants and invitees from a foreseeable unreasonable risk of criminal attack by third parties.

The standards governing a summary judgment motion are well–established. Summary judgment may not be granted when a genuine issue of material fact is presented to the trial court. *Exnicious v. United States*, 563 F.2d 418 (10th Cir. 1977). Such a motion is to be denied unless the moving party demonstrates entitlement to it beyond a reasonable doubt. *Madison v. Deseret Livestock Co.*, 574 F.2d 1027 (10th Cir. 1978); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 516 F.2d 33 (10th Cir. 1975). The Court must examine all the evidence in the light most favorable to the party against whom the judgment is sought. *National Aviation Underwriters v. Altus Flying*, 555 F.2d 778 (10th Cir. 1977); *Mogle v. Sevier County School Dist.*, 540 F.2d 478 (10th Cir. 1976), cert. denied 429 U.S. 1121, 97 S.Ct. 1157, 51 L.Ed.2d 572 (1977).

The summary judgment remedy is a drastic one, and should be applied with caution in order to preserve a litigant's right to trial. *Machinery Center, Inc. v. Anchor National Life Ins. Co.*, 434 F.2d 1 (10th Cir. 1970). As to any issue where the movant's documents do not establish the absence of a genuine issue of fact, summary judgment must be denied even if no opposing evidentiary matter is presented. *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373 (10th Cir. 1980).

After reviewing the briefs, depositions and exhibits before it, the Court has concluded that while the contentions proffered by the defendants may ultimately prove to be grounds for denying plaintiff's requested relief, at this point, with regard to defendants' first and second motions for partial summary judgment, there remain substantial factual issues which must be resolved. The Court believes there are still issues of fact concerning when a breach of warranty

occurred, if at all, and what security was provided or was to be provided.

Defendants' third motion for summary judgment involves different considerations, as it is based upon the tort of negligence. Negligence is not actionable unless there exists a duty to the individual complaining. *Cooper v. Eberly*, 211 Kan. 657, 508 P.2d 943 (1973). In *Schmidt v. United States*, 179 F.2d 724 (10th Cir. 1950), cert. denied 339 U.S. 986, 70 S.Ct. 1007, 94 L.Ed. 1388, the Tenth Circuit Court quoted Judge Cardozo in *Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 162 N.E. 99, saying:

> "In every instance, before negligence can be predicated of a given act, back of the act must be sought and found a duty to the individual complaining, the observance of which would have averted or avoided the injury." 179 F.2d at 726.

This same rule is again stated in *Tappen v. Ager*, 599 F.2d 376 (10th Cir. 1979), where the Court said:

> ". . . negligence does not exist in the abstract, it contemplates a legal duty owing from one party to another and the violation of that duty by the person owing it." 599 F.2d at 379.

The parties have cited no Kansas cases nor Tenth Circuit cases which recognize a duty of a landlord to provide security for his tenants. The authorities cited from other jurisdictions which have recognized such a duty emphasize the prevalence of criminal activity within the area which gives rise to the duty. See *Kline v. 1500 Massachusetts Avenue Apartment Corp.*, 141 App.D.C. 370, 439 F.2d 477 (D.C.Cir.1970), where the landlord had notice of a *series* of assaults, robberies and other criminal offenses; and *Bass v. New York*, 61 Misc.2d 465, 305 N.Y. S.2d 801 (1969), where the tenant lived in a crime–ridden public housing project. The Court, after reviewing all the depositions, affidavits and documents in the instant case, does not believe that the prevalence of criminal activity was such that the duty of a landlord to provide security to his tenants would rise. A duty owed to a plaintiff is an essential element in a cause of action for negligence. Therefore, the defendants' mo-

tion for partial summary judgment as to negligence will be granted.

IT IS THEREFORE ORDERED that defendants' first and second motions for partial summary judgment (Docket Entries No. 45 and 47) are denied. Defendants' third motion for partial summary judgment (Docket Entry No. 49) is granted as set out above.