C.S., APPELLANT, V. JAMES SOPHIR, APPELLEE.

368 N.W.2d 444

Filed May 24, 1985.   No. 84-136.

52

H. Daniel Smith of Stehlik, Smith & Trustin, for appellant.

William J. Brennan, Jr., of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The question presented is whether the plaintiff's amended petition stated a cause of action. The trial court held that it did not, and we affirm.

In her amended petition plaintiff alleged that she was a tenant in residence at an apartment complex owned and operated by the defendant. She stated that on November 27, 1982, at an unspecified time, while at her car which was parked in the defendant's parking lot provided for tenants, she was sexually assaulted by a male assailant. Plaintiff further alleged that defendant's manager had actual knowledge of an earlier sexual assault occurring in the same area within 2 months prior to this assault and that the defendant was negligent in failing to warn plaintiff of that assault.

In her second cause of action plaintiff alleged that defendant, after having had actual knowledge of a prior sexual assault on these premises, the lack of proper lighting, and the presence of excessive growth of shrubbery in the area, nevertheless failed to provide adequate security measures and to warn tenants of the danger of sexual assault in the parking area. For the purpose of a demurrer we must assume the truth of all well-pleaded facts.

We deal first with the failure to warn. In order to impose liability on the landlord, a duty must exist. *Travelers Indemnity Co. v. Center Bank*, 202 Neb. 294, 275 N.W.2d 73 (1979). "Whether a duty exists is ultimately a question of fairness." *Goldberg v. Housing Auth. of Newark*, 38 N.J. 578, 583, 186

A.2d 291, 293 (1962); *King v. Ilikai Properties, Inc.*, 2 Hawaii App. 359, 632 P.2d 657 (1981).

Factors to consider in imposing a duty on a landlord include weighing the relationship of the parties against the nature of the risk and the public interest in the proposed solution, *Goldberg, supra*, as well as the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on a defendant. *Smith v. Chicago Housing Authority*, 36 Ill. App. 3d 967, 344 N.E.2d 536 (1976); *King, supra*.

Under the facts as alleged in this case, it would be unfair to impose a duty upon the landlord based on a single prior assault at the complex.

First, landlords are not insurers that a tenant will be protected at all times. *Foster v. Winston-Salem Joint Venture*, 50 N.C. App. 516, 274 S.E.2d 265 (1981); *Kline v. 1500 Massachusetts Avenue Apartment Corp.*, 439 F.2d 477 (D.C. Cir. 1970). See *Carrigan v. New World Enterprises, Ltd.*, 112 Ill. App. 3d 970, 446 N.E.2d 265 (1983).

Second, there is no duty to warn of a known danger. *Waegli v. Caterpillar Tractor Co.*, 197 Neb. 824, 251 N.W.2d 370 (1977). The ordinary, reasonable person is aware or should be aware that open parking lots provide an optimum place for crime to occur.

Third, there is no guarantee that if the duty to warn was imposed, a crime would be averted. As pointed out by the Illinois court in *Stelloh v. Cottage 83*, 52 Ill. App. 2d 168, 201 N.E.2d 672 (1964), in affirming the dismissal of the plaintiff's case on facts similar to the present case, "[w]e doubt that the giving of [a] warning, under all the circumstances alleged, would have lessened the probability of the [rape], or that the failure so to notify plaintiff would have increased the hazard in any way." *Id.* at 171 n.3, 201 N.E.2d at 673 n.3. To impose liability over the mere possibility of a crime occurring is folly. *Kline, supra*.

Plaintiff asks the court to invoke the minority rule which imposes liability upon a landlord with notice of a prior criminal act on the premises. *Kline, supra*. However, even in cases where such liability was imposed, there was a history of criminal

activity at the leased premises sufficient to create in the landlord constructive notice of the foreseeability that such activity would recur in the future. *Kline, supra.* See *Flood v. Wisconsin Real Estate Inv. Trust, Inc.*, 497 F. Supp. 320 (D. Kan. 1980).

No cases were found which impose liability on a landlord based on a *single* prior criminal act perpetrated upon a tenant. That none were found appears consistent with Nebraska's position with reference to a similar class of individuals, business invitees. A possessor of land who holds it open for public entry for business purposes is under a duty to exercise reasonable care to protect his patrons. Such care may require giving a warning or providing greater protection where there is a *likelihood* that third persons will endanger the safety of the visitors. *Harvey v. Van Aelstyn*, 211 Neb. 607, 319 N.W.2d 725 (1982); Restatement (Second) of Torts § 344 (1965).

The rule, however, does not require the possessor to anticipate the unforeseeable independent acts of third persons. Only such acts as can be reasonably anticipated impose a duty on the landowner. In *Harvey* the court refused to impose liability on a tavern owner where a patron was assaulted by a third party who had become violent on the premises on a prior occasion. The foreseeability requirement necessary to impose liability was missing.

Likewise, in the present case there would be no foreseeability, based on one prior assault, upon which to predicate liability.

With respect to the landlord's alleged failure to clear weeds from areas adjacent to the parking lot and his failure to provide adequate lighting, these failures do not constitute active negligence but merely conditions of negligence. *Childers v. LCW Apartments*, 214 Neb. 291, 333 N.W.2d 677 (1983). It is not sufficient that the negligence charged furnishes only a condition by which the injury is made possible, for if such condition causes an injury by the subsequent independent act of a third person, the two acts are not concurrent, and the existence of the condition is not the proximate cause of the injury. *Steenbock v. Omaha Country Club*, 110 Neb. 794, 195 N.W. 117 (1923).

Therefore, as the landlord had no duty to warn the plaintiff under the circumstances, and as the landlord's alleged failure to

maintain the grounds does not constitute active negligence, the district court was correct in sustaining the defendant's demurrer.

AFFIRMED.