**PONY EXPRESS CAB AND BUS, INC.,**
**a Nebraska corporation, Plaintiff,**

v.

**L.W. WARD; J.W. Ward Transfer, Inc.,**
**a corporation; and Herbert**
**McMeen, Defendants.**

Civ. No. 84–0–216.

United States District Court,
D. Nebraska.

May 26, 1987.

Richard M. Fellman, Fellman, Ramsey & Epstein, Omaha, Neb., for plaintiff.

Raymond M. Crossman, Crossman, Norris & Hosford, Omaha, Neb., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BOGUE, Senior District Judge.

### FINDINGS OF FACT

#### I.

1. This Court's jurisdiction arises under 28 U.S.C.A. Section 1332, which provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States: ...

2. Plaintiff is a corporation, organized and existing under the laws of the State of Nebraska, with its principal place of business in Omaha, Nebraska. At all times relevant to this action, Rod C. Washington was President of Plaintiff corporation.

3. Defendants L.W. Ward and Herbert McMeen are citizens of the State of Illinois, residing in Murphysboro, Illinois.

4. Defendant J.W. Ward Transfer, Inc. is a corporation, with its principal place of business in Murphysboro, Illinois.

5. On or about August 13, 1985, Plaintiff purchased four schoolbuses from Defendants L.W. Ward and J.W. Ward Transfer, Inc., valued at $38,156.29 and identified as follows:

A. 1978 Ford, V.I.N. B703VBJ6415

B. 1978 Ford, V.I.N. B70EVBJ6417

C. 1979 International, V.I.N. BA172JHB13813

D. 1979 International, V.I.N. BA172JHB19190

6. Simultaneously with the purchase of the aforedescribed schoolbuses, Plaintiff paid $5,000.00 to Defendant J.W. Ward Transfer, Inc. and executed two promissory notes. The promissory note for $10,000.00 represented the balance of the purchase price for the two 1978 Ford buses and the promissory note for $23,156.29 represented the purchase price for the two 1979 International buses.

7. Title of ownership for all four schoolbuses was transferred to Plaintiff by Defendants L.W. Ward and J.W. Ward Transfer, Inc.

Plaintiff took possession of the schoolbuses during the week of August 15, 1983.

8. On or about August 25, 1983, Plaintiff caused to be paid to Defendant J.W. Ward Transfer, Inc. by Community Equity Corporation check number 2160, the sum of $10,000.00 pursuant to the first promissory note mentioned in finding # 6. This check paid for the two 1978 Ford buses in full.

9. On January 15, 1984, the first payment was due from the Plaintiff to the Defendant J.W. Ward Transfer, Inc. on the promissory note for the purchase price of the two 1979 International buses. The payment was not made and no payment on said note was ever made.

10. Between 4:30 P.M. on March 30th and 6:30 A.M. on March 31st, 1984, Defendants L.W. Ward and J.W. Ward Transfer, Inc., acting by and through their agents, entered the storage lot where Plaintiff's buses were stored overnight and wrongfully took possession of all four of the aforedescribed school buses owned by Plaintiff. Such actions were taken by the Defendants Ward & Ward Transfer without Plaintiff's permission or knowledge and without authority of law.

11. Defendants L.W. Ward and J.W. Ward Transfer, Inc. removed the four buses to Murphysboro, Illinois.

12. At the time of the said taking of the four buses, Plaintiff was operating under a contract with the Ralston School District. Under this contract, Plaintiff was responsible for the busing of children within the Ralston School District.

13. In order to fullfil the requirements of Plaintiff's contract with the Ralston School District, Plaintiff was forced to obtain substitute buses and incurred the following expenses:

a. On April 5, 1984, Plaintiff paid the United School Equipment Company $500 for temporary rental of four buses.

b. On April 10, 1984, Plaintiff paid United School Equipment Company an additional $500 for temporary rental for four buses.

c. On April 18, 1984, Plaintiff entered a rent-purchase agreement with Superior Sales of Nebraska, Inc. for the rental and/or purchase of three schoolbuses. Plaintiff made the following payments to Superior Sales in compliance with the rent/purchase agreement:

(1) May 29, 1984—Plaintiff paid Superior Sales $1,295.92.

(2) June 19, 1984—Plaintiff paid Superior Sales $1,125.92.

(3) August 28, 1984—Plaintiff paid Superior Sales $2,751.84.

(4) October 5, 1984—Plaintiff paid Superior Sales $7,000.00.

After $2,000.00 of repair costs are deducted, the net payment to Superior Sales on October 5, 1985 was $5,000.00.

The total paid by Plaintiff to Superior Sales for the three buses was $10,173.68.

14. Through its President Rod Washington, Plaintiff continuously requested the Defendants L.W. Ward & J.W. Ward Transfer, Inc. to return the possession of

the four buses but said Defendants refused to return them until on or about September 27, 1984, when the two 1978 Ford buses were returned to Plaintiff. The 1979 International buses have never been returned to Plaintiff. The titles to the 1979 International buses have remained in Plaintiff's possession through the pendency of this action.

15. The fair rental value for one bus on a short-term basis in the Omaha, Nebraska area in April, 1984 was approximately $850.00 per month. Therefore, the rental of two buses for six months at $850.00 per month would be $10,200.00. The short term rental rate is appropriately applied to this case because Mr. Washington had no reason to know that Defendant would continue to keep possession of the buses for nearly six months.

16. In August, 1984, Plaintiff submitted a bid to the Offutt Air Force Base, Bellevue, Nebraska, for a contract for transportation of students for the 1984–1985 school year. In an interview with officials from the Base Contracting Division, Mr. Washington discussed the fact that Defendant then had possession of the two 1978 Ford buses and the two 1979 International buses.

As a part of the bidding and inspection requirements at Offutt Air Force Base, the Base Contracting Division considered the financial position of Plaintiff and the size and quality of his fleet of buses. When Mr. Breault, Deputy Chief of the Base Contracting Division, and another official checked Plaintiff's fleet of buses, they were found to be in inadequate condition for the completion of the pending contract. Mr. Breault also found Plaintiff's financial position to be inadequate. Thereafter, an official from the Base Contracting Division contacted Defendant Ward, who said that the buses were repossessed due to non-payment by Mr. Washington. At that time, Mr. Ward knew of Plaintiff's bid on the pending Offutt contract.

17. Plaintiff's bid for the Offutt contract was ultimately rejected. The reasons given were the inadequate condition of the buses, Plaintiff's inadequate financial position and the repossession of the buses by Defendant.

18. There is no evidence that Defendant McMeen committed any wrongful acts concerning the wrongful taking of Plaintiff's buses or any subsequent statements about such taking.

## CONCLUSIONS OF LAW

### II.

1. Defendant McMeen has no liability to Plaintiff in this action.

2. The four buses which Plaintiff purchased from Defendants L.W. Ward and J.W. Ward Transfer, Inc. were lawfully in Plaintiff's possession on March 30, 1984 because Plaintiff had titles to all four buses, had paid for the 1978 buses and was obligated under the promissory notes to pay for the 1979 buses. Defendants L.W. Ward and J.W. Ward Transfer, Inc. wrongfully took possession of Plaintiffs' four buses between 4:30 P.M. on March 30th and 6:30 A.M. on March 31, 1984.

3. As a result of the wrongful taking, Plaintiff suffered damages from his loss of use of the four buses.

4. Plaintiff is entitled to compensation equal to the fair rental value of same or similar buses, or the amount actually paid for the rental, whichever is less. *Chlopek v. Schmall*, 224 Neb. 78, 88, 396 N.W.2d 103, 110 (1986).

5. The fair rental value for a short-term rental is the appropriate basis for calculations in this action because it was Defendants Ward and Ward Transfer's continuous refusal to return Plaintiff's buses and the resulting uncertainty which made Plaintiff's rental needs difficult to determine. Therefore, the fair rental value for the buses for six months at $850.00 per month is $10,200.00.

The Court bases this conclusion upon the testimony of John Green and Plaintiff's Exhibit # 32 which it concludes is relevant to the issue of Plaintiff's damages. Such evidence was not contradicted.

6. Plaintiff's total expenditures on substitute buses which were necessitated by Defendants Ward and Ward Transfer's wrongful taking were $11,173.69. Because the fair rental value is less, Defendants are liable to Plaintiff for the amount equal to the fair rental value, which is $10,200.00.

7. Although Plaintiff did purchase several buses rather than rent substitutes over the entire period of Defendant's wrongful possession, it is nevertheless entitled to the fair rental value. The value of the purchased buses in September, 1984 is not clear to the Court. However, the three buses which Plaintiff purchased from Superior Sales under the rent-purchase agreement were buses which the Plaintiff did not otherwise need, but for the Defendants Ward and Ward Transfer's wrongful taking which left Plaintiff in need of replacements for an indefinite time. Furthermore, the buses were not as new, and were of less value to Plaintiff than the buses purchased from Defendants would have been because the age of buses was an important consideration in the award of busing contracts.

8. The Court recognizes the essential elements of the tort of interference with a business expectancy to be as follows:

1. The existence of a valid business expectancy;

2. Knowledge by the interferer of the expectancy;

3. An intentional act of interference on the part of the interferer;

4. Proof that the interference caused the harm sustained;

5. Damage to the party whose expectancy was disrupted.

*Miller Chemical Co., Inc. v. Tams,* 211 Neb. 837, 840, 320 N.W.2d 759, 762 (1982).

9. The Court concludes that the Plaintiff proved each of the essential elements. The Plaintiff did have an expectancy of a contract with Offutt Air Force Base and Defendant Ward knew of this when he was questioned by representatives of the Offutt Air Force Base Contracting Office. Mr. Ward's statements that the four buses were "repossessed" constitutes an intentional act of interference.

The testimony of Mr. Breault, a contracting officer at Offutt Air Force Base, proves that Mr. Ward's statement was a primary reason for the denial of the contract to the Plaintiff. The Court concludes that such evidence adequately proved causation between the interference by L.W. Ward and Plaintiff's loss of the contract. The Court further concludes that a substantial part of Plaintiff's financial problems could be attributed to the wrongful taking by Defendants Ward and Ward Transfer and Plaintiff's resulting need to pay for replacements. Plaintiff was damaged by losing the amount of profit which he would have made under the Offutt contract.

10. The evidence proves that if the Plaintiff would have received the Offutt contract, it would have made a profit of $45,000.00 per year.

11. Since the Plaintiff did not prove with reasonable certainty the length of time for which he could have held the Offutt contract, the Court concludes that adequate evidence is presented to determine damages based upon the loss of contract for one year. Therefore, as a result of Defendant Ward's tortious interference with Plaintiff's business expectancy, Defendant Ward is liable to Plaintiff in the amount of $45,000.00.

12. Plaintiff did not sustain a cause of action for damages for the alleged damage to its reputation with its bank or with the Ralston School District.

13. In the consideration of this case, the Court did not consider the differences in the notarizations of Plaintiff's Exhibit # 1 or Defendants' Exhibit A as the Court found those to be irrelevant to its Findings of Fact and Conclusions of Law.

14. The Court concludes that Plaintiff's Exhibits # 11 and # 12 are not relevant to this action and therefore excluded consideration of them in its decision.

15. The Defendants, L.W. Ward and J.W. Ward Transfer, Inc., are entitled to

the return of the titles to the two 1979 International buses.