K.S.R., APPELLANT, V. NOVAK AND SONS, INC., DOING BUSINESS AS NOVAK AND SONS REALTY, A CORPORATION, APPELLEE.

406 N.W.2d 636

Filed May 29, 1987.    No. 85-592.

John J. Bedel and Jon H. Johnson, for appellant.

William J. Dunn of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the district court for Douglas County. K.S.R. appeals from the district court's order granting the appellee's motion for summary judgment.

In her petition appellant alleged that the appellee, Novak and Sons, Inc., doing business as Novak and Sons Realty, failed to provide adequate security to persons living in the apartment complex owned and operated by Novak and failed, though requested to do so, to repair the lock on the front door of

appellant's apartment, and, as a result thereof, appellant was sexually assaulted in her apartment. Taking a view most favorable to appellant of the evidence adduced at the hearing on the motion for summary judgment, the facts appear as follows.

In August of 1980 the appellant lived in an apartment building located at 1965 Jones Street in Omaha, Nebraska, owned and operated by Novak. The apartment complex was not equipped with locks on the outside doors, and thus the common areas were accessible to any person wishing entrance. On August 27, 2 days before the assault which gave rise to these proceedings, the appellant observed James Quarrels masturbating in a laundry room directly across from her apartment. The incident was reported to the police, who interviewed the appellant in connection with her report. The appellant next saw Quarrels on the evening of August 29, at approximately 8:30, in her apartment, at which time she was sexually assaulted at knifepoint.

Approximately a week prior to the assault, the door to the appellant's apartment was kicked in and the dead-bolt lock on the door separating the apartment from a common hallway was broken. Appellant reported the incident to the apartment manager and made daily requests that the lock be repaired. No action was taken to repair the lock until the morning after the assault. The assailant, Quarrels, had a history of frequenting the building. The building manager, in his deposition, acknowledged that Quarrels had been caught several times masturbating in the building. The manager told the police that the assailant had previously broken into a tenant's apartment and stood naked at the foot of her bed in a nearby building owned and managed by Novak. The apartment manager also told the police that the appellant's building has lost 8 to 10 tenants as a result of Quarrels' activities.

K.S.R. alleges as error that the district court incorrectly found that the landlord had no duty to protect his tenants from the criminal activities of third parties, that a landlord has no contractual duty to protect his tenants, and that the alleged negligence of the landlord furnished only a condition and not a proximate cause of the injuries suffered by K.S.R. Finding that

there exists a question of fact which prevents the granting of summary judgment, we reverse.

Addressing appellant's first assignment of error, we note that our review of a lower court's decision granting a motion for summary judgment is limited to a determination of whether a genuine issue of fact exists, as opposed to deciding the issue. *Gilbert v. City of Tekamah*, 221 Neb. 614, 379 N.W.2d 758 (1986). When viewing a motion for summary judgment, the evidence must be viewed most favorably toward the party against whom the motion is directed. *Marshall v. Radiology Assoc., ante* p. 75, 402 N.W.2d 855 (1987).

The district court order correctly held that a landlord is not an insurer of a tenant's safety. However, a landlord has a duty to protect a tenant against the foreseeable criminal acts of a third person. *C.S. v. Sophir*, 220 Neb. 51, 368 N.W.2d 444 (1985). The issue of foreseeability in the context of assaults upon tenants has been addressed by this court in the cases of *C.S. v. Sophir, supra*, and *Childers v. LCW Apartments*, 214 Neb. 291, 333 N.W.2d 677 (1983). In *C.S. v. Sophir, supra* at 53, 368 N.W.2d at 446, this court held: "Under the facts as alleged in this case, it would be unfair to impose a duty upon the landlord based on a single prior assault at the complex."

The case at hand is readily distinguishable from *Sophir*. In the instant case repeated intrusions with related objectionable sexual conduct by the assailant were known to the landlord. Here, unlike *Sophir*, there was a history of criminal activity at the leased premises.

In *Childers* we merely noted that in excluding evidence of criminal activity the trial court does not abuse its discretion unless it can be shown that the activities are similar to the incident which is the subject of the suit. Other courts have imposed liability upon landlords for the criminal acts of third parties where such acts were reasonably foreseeable. In *Waters v. New York City Housing Authority*, 69 N.Y.2d 225, 228, 505 N.E.2d 922, 923, 513 N.Y.S.2d 356, 357 (1987), the New York Court of Appeals wrote:

> It is also now beyond dispute that a landlord, private or public, may have a duty to take reasonable precautionary measures to secure the premises if it has notice of a

likelihood of criminal intrusions posing a threat to safety [citations omitted]. . . . [A] building owner who breaches such a duty may be held liable to an individual who is injured in a reasonably foreseeable criminal encounter that was proximately caused by the absence of adequate security [citations omitted].

Although the facts differ from the case at hand in that they involved a young woman being accosted on the street and forced to the roof of the apartment building, where she was sexually assaulted and robbed, the opinion accurately summarizes the responsibilities of a landlord to provide, and the rights of tenants to be provided, a safe place to live. See, *Kline v. 1500 Massachusetts Avenue Apartment Corp.*, 439 F.2d 477 (D.C. Cir. 1970); *Paterson v. Deeb*, 472 So. 2d 1210 (Fla. App. 1985); *Gomez By and Through Munoz v. Ticor*, 145 Cal. App. 3d 622, 193 Cal. Rptr. 600 (1983); *Sawyer v. Carter*, 71 N.C. App. 556, 322 S.E.2d 813 (1984); Annot., 43 A.L.R.3d 331 (1972). Questions of foreseeability, negligence, and proximate cause are questions for the trier of fact. *Brown v. Nebraska P.P. Dist.*, 209 Neb. 61, 306 N.W.2d 167 (1981); Annot., 72 A.L.R.3d 1269 (1976). We are unable to state as a matter of law that the assault by Quarrels on a tenant was not reasonably foreseeable.

REVERSED AND REMANDED.

BOSLAUGH and HASTINGS, JJ., concur in the result.