**PONY EXPRESS CAB AND BUS, INC., A Nebraska Corporation, Appellee,**

v.

**L.W. WARD; J.W. Ward Transfer, Inc., a Corporation, Appellants.**

**No. 87–1872.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 18, 1987.

Decided Jan. 19, 1988.

Publication Ordered March 1, 1988.

---

**208**

Richard M. Fellman, Omaha, Neb., for appellee.

Raymond M. Crossman, Jr., Omaha, Neb., for appellants.

Before HEANEY, WOLLMAN and MAGILL, Circuit Judges.

1. The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota.

PER CURIAM.

L.W. Ward and Ward Transfer, Inc. appeal the district court's[1] order entering judgment in favor of Pony Express Cab & Bus, Inc. (Pony Express) in the amount of $45,000 for tortious interference with a business expectancy. *Pony Express Cab & Bus, Inc. v. Ward,* 662 F.Supp. 85 (D.Neb.1987). On appeal, appellants claim that the district court erred by: (1) predicating liability on the theory of tortious interference with a business expectancy because the case was pled and tried on the theory of business slander; and (2) finding that a proximate cause of Pony Express's failure to obtain a busing contract was a statement made by Mr. Ward. We affirm.

This action arises out of Pony Express's purchase of four school buses from appellants in August 1983. Pony Express paid for two of the buses and agreed to pay for the other two under a promissory note. In March 1984 appellants repossessed all four of the buses due to an alleged default in payment. To fulfill a then-existing contract, Pony Express temporarily leased, then purchased, older and cheaper buses.

In August 1984 Pony Express submitted a bid to Offutt Air Force Base (OAFB) to transport students for the 1984–85 school year. In the course of investigating the bids, an OAFB purchasing agent contacted Mr. Ward regarding his previous contacts with Pony Express. Mr. Ward told the OAFB agent that the four buses sold to Pony Express "were repossessed due to nonpayment * * *." Subsequently, Pony Express's bid was rejected. Joseph Breault, Deputy Chief of the OAFB Contracting Division, testified that Pony Express's bid was rejected because of the poor condition of its buses, "the repossession of the [Ward] buses and back payment due Mr. Ward," and the lack of financial capability.

Pony Express brought suit against appellants claiming that the buses it had purchased were illegally repossessed (Count I),

and that Mr. Ward's statements damaged its present and future business relationships (Count II). Following a bench trial, the district court, applying Nebraska law, found in favor of Pony Express on Count I in the amount of $10,200 and on Count II in the amount of $45,000. This appeal followed in which appellants challenge only the adverse judgment on Count II.

Initially, appellants argue that Count II should have been considered under the theory of business slander to which the statutory defense of truth would have been available.[2] Appellants assert that the district court's "amendment" of the pleadings (by predicating liability on a different theory than that which was pled) was prejudicial error because it substantially changed the claims and defenses.

When state law applies, it is the court's obligation to apply the law as the highest court of that state would. *Economy Fire & Casualty Co. v. Tri–State Ins. Co.*, 827 F.2d 373, 375 (8th Cir.1987). "In such cases, it is our practice to defer to the state-law rulings of a federal district court sitting in the state whose law is controlling." *Id.* The reviewing court may overturn the lower court ruling only if it is "fundamentally deficient in analysis, without a reasonable basis, or contrary to reported state-court opinion." *Id.*

■ The purpose of pleadings is to frame the issues upon which the case is to be tried. *Circle 76 Fertilizer, Inc. v. Nelsen*, 219 Neb. 365 N.W.2d 460, 465 (1985). Under the Nebraska system of code pleadings, "it is the facts well pleaded, not the theory of recovery or legal conclusions, which state a cause of action." *Moore v. Puget Sound Plywood, Inc.*, 214 Neb. 14, 332 N.W.2d 212, 215 (1983). Upon review of the elements of tortious interference with a business expectancy, *see Miller Chem. Co. v. Tams*, 211 Neb. 837, 320 N.W.2d 759, 762 (1982), and of Pony Express's complaint, we conclude that Pony Express sufficiently pled facts upon which

a cause of action would lie for tortious interference with a business expectancy as well as defamation.[3] Furthermore, in its trial and post-trial briefs, Pony Express made it clear that Count II was based on tortious interference with a business expectancy.

■ Appellants' argument that the statement regarding the repossession of the buses was not the proximate cause of Pony Express's failure to obtain the OAFB contract is also without merit. In Nebraska, questions of proximate cause are questions for the trier of fact. *K.S.R. v. Novak & Sons, Inc.*, 225 Neb. 498, 406 N.W.2d 636, 639 (1987). Pursuant to Fed.R.Civ.P. 52(a), a district court's factual findings may not be reversed unless clearly erroneous; reversal is only appropriate where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). An appellate court may not reverse a factual finding "simply because it is convinced that it would have decided the case differently." *Id.* Furthermore, the burden is on the objecting party to clearly demonstrate error in the factual findings, and this court must construe the evidence in the light most favorable to the prevailing party below. *Craft v. Metromedia, Inc.*, 766 F.2d 1205, 1212 (8th Cir.1985), *cert. denied*, 475 U.S. 1058, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986).

The district court in the present case concluded that Mr. Ward's statement to the OAFB agent was "a primary reason for the denial of the contract to [Pony Express]." *Pony Express Cab & Bus, Inc.*, 662 F.Supp. at 89. Appellants assert that the proximate cause of this denial was solely the condition of Pony Express's buses. However, the record supports the district

**2.** "The truth in itself and alone shall be a complete defense unless it shall be proved by the plaintiff that the publication was made with actual malice." Neb.Rev.Stat. § 25–840 (1985).

**3.** The present case is an example of how these two legal theories may overlap. See Restatement (Second) of Torts § 767, comment c (1979).

court's finding that Mr. Ward's statement was a contributing factor in Mr. Breault's decision not to award the contract to Pony Express.

Accordingly, the judgment of the district court is affirmed.