to modify the dissolution decree. Without evidence of fraud or gross inequity, modification of the decree was an abuse of discretion. We vacate the portion of the district court's order purporting to do so.

Finally, we address the portion of Rocky's motion seeking an order determining that he had performed his obligation under the assistance clause. Because the district court did not determine whether, based on the evidence before it, Rocky had fully complied with the assistance clause, we remand the cause with direction that the court do so.

Vacated in part and remanded with direction.

———————

Donald Peterson, appellant, v. Kings Gate
Partners - Omaha I, L.P., and Picerne
Kings Gate, LLC, appellees.

___ N.W.2d ___

Filed April 10, 2015.    No. S-14-383.

1. **Motions to Dismiss: Appeal and Error.** A district court's grant of a motion to dismiss is reviewed de novo.

2. **Motions to Dismiss: Pleadings: Appeal and Error.** When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.

3. **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim.

4. **Statutes: Appeal and Error.** To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.

5. **Negligence: Proof.** In order to recover in a negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages.

6. **Negligence.** The question whether a legal duty exists for actionable negligence is a question of law dependent on the facts in a particular situation.

7. ____. The existence of a duty generally serves as a legal conclusion that an actor must exercise that degree of care as would be exercised by a reasonable person under the circumstances.

8.  ____. Duty rules are meant to serve as broadly applicable guidelines for public behavior, i.e., rules of law applicable to a category of cases.
9.  ____. Whether a duty exists is a policy decision.
10. ____. Special relationships can give rise to a duty.

Appeal from the District Court for Douglas County: Joseph S. Troia, Judge. Reversed and remanded for further proceedings.

Thomas M. Locher, Amy M. Locher, and Douglas W. Krenzer, of Locher, Pavelka, Dostal, Braddy & Hammes, L.L.C., for appellant.

Mary M. Schott and Ronald E. Frank, of Sodoro, Daly, Shomaker & Selde, P.C., L.L.O., for appellees.

Heavican, C.J., Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Heavican, C.J.

## INTRODUCTION

Donald Peterson filed suit against Kings Gate Partners - Omaha I, L.P., and Picerne Kings Gate, LLC (collectively Kings Gate), for injuries Peterson received following an assault by Floyd Wallace on Kings Gate's premises. The district court granted Kings Gate's motion to dismiss for failure to state a claim. Peterson appeals. We reverse, and remand for further proceedings.

## FACTUAL BACKGROUND

Peterson filed his first amended complaint against Kings Gate on January 7, 2014. That complaint alleged that Peterson and Wallace's mother were both residents of Kings Gate senior apartment homes in Omaha, Nebraska. According to the complaint, Peterson and Wallace's mother lived across the hall from each other.

According to the complaint, despite lease provisions prohibiting it, Wallace resided with his mother in her apartment. On or about December 8, 2012, Wallace's mother was notified that due to Wallace's residing in her apartment, she was in violation of her lease. On December 17, Wallace assaulted Peterson in Peterson's apartment.

Peterson alleged in his complaint that Kings Gate conducted a background check on Wallace. After the assault occurred, Peterson was informed on one occasion that the background check did not reveal any felony convictions, and he was informed on another occasion that drug-related felony convictions were found. Peterson further alleges that, in fact, Wallace had several convictions for crimes of violence, including assault and battery in 2000; violation of a protection order for verbally assaulting a mentally challenged woman via telephone in 2002; and abuse of a vulnerable adult in 2004.

Peterson alleged that Kings Gate was negligent in failing to (1) exercise reasonable care in performing a criminal background check on Wallace, (2) exclude Wallace from the Kings Gate senior apartment homes premises, (3) warn tenants about or otherwise protect tenants from Wallace, and (4) provide safe premises for tenants.

On January 14, 2014, Kings Gate filed a motion to dismiss for failure to state a claim. That motion was granted on April 23, with the district court's reasoning that Kings Gate had no duty to protect Peterson from Wallace. Peterson appealed.

## ASSIGNMENTS OF ERROR

On appeal, Peterson assigns, restated, that the district court erred in (1) granting Kings Gate's motion to dismiss and (2) finding that Kings Gate owed no duty to Peterson.

## STANDARD OF REVIEW

[1-3] A district court's grant of a motion to dismiss is reviewed de novo.[1] When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.[2] To prevail against a motion to dismiss for

---

[1] *Bruno v. Metropolitan Utilities Dist.*, 287 Neb. 551, 844 N.W.2d 50 (2014).

[2] *Id.*

failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim.[3]

[4] To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.[4]

## ANALYSIS

The sole issue presented by this appeal is whether Kings Gate owed a duty to Peterson such as to overcome Kings Gate's motion to dismiss. Peterson argues that Kings Gate owes a duty of either reasonable care under *A.W. v. Lancaster Cty. Sch. Dist. 0001*[5] and § 7 of the Restatement (Third) of Torts,[6] or by virtue of the special relationship owed by a landlord to its tenant under § 40 of the Restatement.[7] Peterson also argues that once Kings Gate undertook a background check on Wallace, it had a duty under § 43 of the Restatement[8] to undertake it nonnegligently.

[5,6] In order to recover in a negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages.[9] The question whether a legal duty exists for actionable negligence

---

[3] *Id.*

[4] *Id.*

[5] *A.W. v. Lancaster Cty. Sch. Dist. 0001*, 280 Neb. 205, 784 N.W.2d 907 (2010).

[6] 1 Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 7 (2010).

[7] 2 Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 40 (2012).

[8] *Id.*, § 43.

[9] *Riggs v. Nickel*, 281 Neb. 249, 796 N.W.2d 181 (2011).

is a question of law dependent on the facts in a particular situation.[10]

In the past, we used the risk-utility test to determine the existence of a tort duty.[11] But in *A.W.*, we abandoned the risk-utility test and adopted the duty analysis set forth in the Restatement (Third) of Torts.[12] We generally held that

> foreseeable risk is an element of the determination of negligence, not legal duty. In order to determine whether appropriate care was exercised, the fact finder must assess the foreseeable risk at the time of the defendant's alleged negligence. The extent of foreseeable risk depends on the specific facts of the case and cannot be usefully assessed for a category of cases; small changes in the facts may make a dramatic change in how much risk is foreseeable. Thus, courts should leave such determinations to the trier of fact unless no reasonable person could differ on the matter.[13]

[7-9] After *A.W.*, the existence of a duty generally serves as a legal conclusion that an actor must exercise that degree of care as would be exercised by a reasonable person under the circumstances.[14] Moreover, "[d]uty rules are meant to serve as broadly applicable guidelines for public behavior, i.e., rules of law applicable to a category of cases."[15] Whether a duty exists is a policy decision.[16]

[10] But special relationships can give rise to a duty.[17] And in this case, the issue presented is of the duty owed by a landlord to a tenant. Section 40 of the Restatement provides for such a duty:

---

[10] *Id.*

[11] See *id.*

[12] *A.W., supra* note 5.

[13] *Id.* at 216, 784 N.W.2d at 917.

[14] See *id.*

[15] *Id.* at 212-13, 784 N.W.2d at 914-15.

[16] *A.W., supra* note 5.

[17] *Martensen v. Rejda Bros.*, 283 Neb. 279, 808 N.W.2d 855 (2012); *A.W., supra* note 5.

(a) An actor in a special relationship with another owes the other a duty of reasonable care with regard to risks that arise within the scope of the relationship.

(b) Special relationships giving rise to the duty provided in Subsection (a) include:

. . . .

(6) a landlord with its tenants . . . .[18]

We previously cited to § 40, and explicitly adopted the duty set forth in subsection (b)(4), dealing with the employment relationship.[19] We remain persuaded that the reasoning of the Restatement (Third) is consistent with our case law, notably, the framework we set forth in *A.W.*, and accordingly find that the legal duty applicable here is that set forth by § 40(b)(6), pertaining to the landlord-tenant relationship.

We recognize our prior case law holds that there is no general duty of a landlord to ensure the safety of tenants.[20] But this case law predates our decision in *A.W.* and is not helpful in the duty determination presented here. And in any case, as we noted in *A.W.*, the

> endorsement of the Restatement (Third) [is not] a fundamental change in our law. It is better understood as rearranging the basic questions that are posed by any negligence case and making sure that each question has been put in its proper place. But it does not change those questions. To say, as we have in the past, that a defendant had no duty, under particular circumstances, to foresee a particular harm is really no different from saying that the defendant's duty to take reasonable care was not breached, under those circumstances, by its failure to foresee the unforeseeable.[21]

Thus, while there might now be a duty in such a situation, such a duty does not imply either a breach of that duty or liability for negligence. As we noted, the questions are the

---

[18] 2 Restatement, *supra* note 7 at 40.

[19] See *Martensen, supra* note 17.

[20] See *C.S. v. Sophir*, 220 Neb. 51, 368 N.W.2d 444 (1985).

[21] *A.W., supra* note 5, 280 Neb. at 217, 784 N.W.2d at 917-18.

same—it is the arrangement of those questions into the elements of negligence that has changed.

Peterson's appeal was dismissed for failure to state a claim, with the district court's concluding that Kings Gate owed no duty to Peterson. At this stage in the proceedings, we conclude that Peterson has stated a claim for relief that is plausible on its face and therefore survives a motion to dismiss. Kings Gate did owe a duty under § 40 of the Restatement; it remains for the finder of fact to determine whether Kings Gate breached that duty. As such, we reverse the decision of the district court granting Kings Gate's motion to dismiss, and remand the cause for further proceedings.

## CONCLUSION

The decision of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WRIGHT, J., not participating.

––––––––––––

CREDIT MANAGEMENT SERVICES, INC., APPELLANT,
V. LORINDA JEFFERSON, APPELLEE.
___ N.W.2d ___

Filed April 10, 2015.    No. S-14-545.

1. **Judgments: Costs: Appeal and Error.** The standard of review for an award of costs is whether an abuse of discretion occurred.
2. **Judgments: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
3. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court must resolve independently of the trial court.
4. ____: ____. Absent a statutory indication to the contrary, an appellate court gives words in a statute their ordinary meaning.
5. ____: ____. An appellate court does not consider a statute's clauses and phrases as detached and isolated expressions. Instead, the whole and every part of the statute must be considered in fixing the meaning of any of its parts.
6. **Statutes.** Statutes which change or take away a common-law right must be strictly construed.